CASE 21—INDICTMENT—NOVEMBER 7.

## Brown v. Commonwealth.

APPEAL FROM LINCOLN CIRCUIT COURT,

1. INCREASED PENALTIES FOR SECOND AND THIRD CONVICTIONS—STATUTORY CONSTRUCTION.—Under the provision of section 1130 of the Kentucky Statutes, that "every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction; and if convicted a third time of felony he shall be confined in the penitentiary during his life," the increased penalty, or penalties can not be imposed by reason of an offense committed prior to the original conviction, or convictions.

R. C. WARREN FOR APPELLANT.

1. The spirit of section 1130 of the Kentucky Statutes is that before one can be confined in the penitentiary for life upon a third conviction of felony he must have been punished by confinement in the penitentiary, where an opportunity was afforded him to reform and repent of the evils of his past life; and after that if it turns out there has been no repentance or change of purpose, then he is to be treated, upon a third conviction, as beyond redemption and confined for life.

W. S. TAYLOR FOR APPELLEE.

1. The question presented by this appeal has never been passed upon by this court, and is submitted without argument by the State.

JUDGE DU RELLE DELIVERED THE OPINION OF THE COURT.

At the June term, 1896, of the Lincoln Circuit Court, the appellant was indicted upon two charges of break-

ing into a warehouse. These indictments were returned on the same day, June 8th. Appellant pleaded guilty to each, and on June 9th, after verdicts fixing his punishment at five years' imprisonment in the penitentiary in each case, was sentenced. On June 10th another indictment was returned against him for feloniously breaking into and entering a dwelling house. In this indictment the two former convictions for felony at the same term were set up. He pleaded not guilty, but the jury found him guilty and fixed his punishment at confinement in the penitentiary for life, and the court sentenced him in accordance with the verdict. This was done under authority of section 1130, Kentucky Statutes, as follows: "Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction, and if convicted the third time of felony he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty unless the jury shall find, from record and other competent evidence, the fact of former conviction for felony committed by the prisoner in or out of the State."

The question presented for decision is whether the statute in question authorizes the imposition of the increased penalty for an offense not committed after the original convictions. We think not. The statute was manifestly intended to provide an increased penalty for a subsequent offense in order to deter the offender

Brown v. Commonwealth.

from its repetition.    After punishment is imposed for the commission of a crime, the double penalty is held *in terrorem* over the criminal for the purpose of effecting his reformation and preventing further and subsequent offenses by him.    So we find that for a third offense the punishment of imprisonment for life is provided by the act, upon the theory, doubtless, that he must then be regarded as incorrigible.    The reformatory object of the statute, namely; to provide a deterrent from future crime, would not be effected by a construction which gives to the offender no opportunity to reform.    Moreover, "doubtful questions as to the severity of the penalty are to be resolved in favor of the accused."    Am. & Eng. Ency., 4726.

We are of the opinion that the words "convicted a second time of felony" and "convicted a third time of felony" must be restricted to felonies committed subsequent to the dates of the convictions relied on to effect an increase of the penalty, for otherwise no *locus paenitentiae* would be offered to the accused.

For the reasons stated the judgment is reversed and cause remanded, with directions to award the appellant a new trial and for further proceedings consistent with this opinion.