## Commonwealth *v.* McDermott, Appellant (No. 1).

*Constitutional law—Oleomargarine—Criminal law.*

The Act of May 29, 1901, P. L. 327, prohibiting the manufacture and sale of oleomargarine, butterine and other similar products when colored in imitation of yellow butter, is constitutional.

Argued Oct. 26, 1908.   Appeals, Nos. 194 and 195, Oct. T., 1908, by defendant, from judgments of Superior Court, April T., 1908, Nos. 190 and 191, affirming judgments of Court of Quarter Sessions of Washington Co., Nov. T., 1907, Nos. 11 and 108, on verdicts of guilty in cases of Commonwealth v. M. M. McDermott.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Affirmed.

Appeal from Superior Court.

*Error assigned* was the judgment of the Superior Court affirming the judgment of the court of quarter sessions sustaining the constitutionality of the Act of May 29, 1901, P. L. 327.

*John M. Haverty,* with him *R. H. Meloy,* for appellant.

*Alex. M. Templeton,* with him *C. L. V. Acheson,* district attorney, and *Cyrus Gordon,* for appellee.

OPINION BY MR. JUSTICE BROWN, April 12, 1908:

These appeals were manifestly taken for the purpose of re-arguing the question of the constitutionality of the Act of May 29, 1901, P. L. 327, prohibiting the manufacture and sale of oleomargarine, butterine and other similar products when colored in imitation of yellow butter. We ought hardly to be again called upon to declare that act constitutional. In Commonwealth v. Caulfield, 211 Pa. 644, we said there was no reason "why we should stuff the reports" with a repetition of the decisions sustaining it.

The assignments of error are overruled and the judgments of the Superior Court are affirmed.