## Morgan v. Commonwealth.

(Decided May 26, 1916.)

### Appeal from Whitley Circuit Court.

Criminal Law—Carrying Concealed Deadly Weapons—Increased Penalty for Second Conviction.—Under section 1309, Kentucky Statutes, the increased penalty upon a second conviction for the offense of unlawfully carrying concealed weapons can not be imposed upon one for a second conviction, unless the violation of the statute, for which the second conviction is had, occurred subsequent to his first conviction.

HENRY C. GILLIS and B. B. SNYDER for appellant.

J. B. SNYDER and M. M. LOGAN for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellant, Melt Morgan, was indicted for a violation of the provisions of Section 1309, of Kentucky Statutes. The charges in the indictment were not stated in separate counts, but the necessary allegations to constitute a good charge against him for the offense of unlawfully carrying concealed upon or about his person a deadly weapon, other than an ordinary pocket knife, were first set out in the indictment, and following these and before the conclusion of the indictment, as "against the peace and dignity of the Commonwealth of Kentucky," were inserted the following words:

"The grand jury does further charge that the defendant committed the offense of carrying concealed a deadly weapon before the offense hereinbefore stated and for which he has been tried and convicted upon said charge at the present term of this court, and that this is the second offense upon the charge of carrying a concealed deadly weapon in this Commonwealth."

To this indictment the defendant entered a plea of not guilty, but upon the trial he was found guilty by a verdict of the jury, and sentenced to a term in the penitentiary or State Reformatory by the court. The instructions to the jury, in substance, directed it, that if it believed beyond the influence of a reasonable doubt that the appellant was guilty of carrying a concealed deadly weapon, other than an ordinary pocket knife, to-wit: a pistol, upon or about his person, and further believed that previous to the time of carrying of the weapon, as charged in the indictment, he had been convicted of a similar offense, to find him guilty and fix his punishment at a term of imprisonment in the penitentiary.

The evidence discloses that the first offense, and of which the indictment charges his conviction, was committed upon the 22nd day of February, 1916; that he was indicted for it on the 23rd day of February, and his conviction had on the 3rd day of March, 1916. The offense of unlawfully carrying concealed a deadly weapon, for which he was indicted, in the case at bar, was committed upon the 28th day of February, 1916, and the indictment was returned against him upon the 2nd day of March, following. Following his conviction, his motion for a new trial being overruled, he has appealed to this court.

He insists that the trial court was in error in permitting any evidence to be heard relating to his previous guilt of unlawfully carrying concealed a deadly weapon, and in instructing the jury to find him guilty and fix his punishment at imprisonment in the penitentiary if it should believe him guilty of the offense alleged to have been committed by him upon the occasion charged in the indictment, and that he had been previously convicted of a similar offense, because the second offense had not been committed by him subsequent to his conviction of the first offense; and, further, that the charge in the indictment relating to the first offense was not sufficient to authorize evidence of his having previously been convicted of such an offense. In both contentions he seems to be correct.

Section 1309, Ky. Stat., under the provisions of which the prosecution was sought to be had, creates the offense of carrying concealed upon or about the person a deadly weapon, other than an ordinary pocket knife, and prescribes the penalty of one convicted of such offense at a fine in any sum not less than fifty nor more than one hundred dollars and imprisonment in the county jail for a period not less than ten nor more than forty days, and exclusion from the right of suffrage for two years after the date of the conviction. The statute then prescribes that "any person convicted a second time under this statute shall be confined in the penitentiary for a period of not less than one nor more than five years."

Manifestly, it was the purpose of the enactment of the statute to lay the heavier penalty for the second offense upon those only whom the penalty for the first infraction of the law was not a sufficient corrective. If there was no other purpose of the statute except to punish all alike who should violate it, there would have been no reason for imposing a heavier penalty for the commission of the second offense than the commission of the first. For the one guilty of only one infraction of the law, the penalty denounced for the first offense was deemed ample. If the offender took warning from the reproof of a first conviction, the great purpose of the law has been effected, and that is to improve the character of his citizenship. It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon any one, except the

incorrigible one, who, after being reproved "still harden-eth his neck." If the heavier penalty prescribed for the second violation of the law is visited upon the one; who has not had the benefit of the reproof of a first convic-tion, then the purpose of the statute is lost. Constru-ing the statute with its purpose in view, it is evident that the penalty prescribed by it for one convicted a second time of the offense does not apply to violations of the law which occurred before a conviction under the stat-ute was had. The application can be made only to vio-lations of the law which the offender has committed since he was convicted of a violation. Section 1130, Ky. Statutes, provides a more severe penalty for one who is convicted a second time of a felony than for a first conviction, and an increased penalty upon one who has suffered a third conviction. Its language is similar to that of the statute under consideration. It was expressly held, that under the provisions of Section 1130, *supra,* that the heavier penalty provided by that statute upon one guilty of a third felony could be imposed, only, for a crime which was committed after the second convic-tion. .Brown v. Commonwealth, 100 Ky. 127. Hence, the appellant having committed the violation of the statute, which was charged in the indictment, prior to the conviction, which was relied upon to increase his penalty, the heavier penalty could not be imposed as a punishment for the offense, but only the penalty as for a first offense could be imposed.

With reference to the contention that the averments of the indictment relative to the first conviction at-tempted to be alleged were insufficient to authorize any evidence against the accused under them, it must be borne in mind, that the statute only authorizes the heavier penalty by reason of the accused having been convicted of a violation of the statute previous to the commission of the second offense. The indictment charges his guilt of a previous violation of the law. Before the heavier penalty can be inflicted there must be not only a pre-vious violation of the law, but a previous conviction of its violation. Further, the averments relative to the prior conviction attempted to be alleged are not suffi-cient under section 124 of the Criminal Code. They lack sufficient detail to give a defendant notice of what he is called upon to answer. The former conviction should be plead with sufficient particularity as to the court in

which the judgment was rendered, the offense of which the conviction was had, and the date of the judgment, as to show that the conviction was had prior to the commission of the violation of the law, which is charged in the indictment, and to give sufficient notice to defendant to apprise him of what is intended and to enable him to make defense thereto, if he has any defense.

The evidence of the facts upon which the prior conviction was had should not be given in evidence upon the trial of an indictment for a subsequent offense. The prior conviction can only be proven by the record of it, and without the production of the record there is no evidence to go to the jury of a prior conviction. The record of the conviction, and the proof by parol, if necessary, of the identity of the accused with the one shown by the record to have been convicted, is all the evidence necessary or competent, as relates to the prior conviction charged in the indictment. Rector v. Com., 80 Ky. 468; Tall v. Com., 33 R. 541, 110 S. W. 425

For the reasons indicated the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.