## CHARLESTON.

STATE *ex rel.* RUFUS HENSLEY, *Relator,* v. HON. JAMES DAMRON, JUDGE, *etc.*

Submitted September 30, 1919.    Decided October 7, 1919.

1. CRIMINAL LAW—*Sentence for Fine and Imprisonment Should Direct Work on Public Highways.*

Section 109, chapter 43, Code 1918, makes it the mandatory duty of the court or justice, where any male person over sixteen years of age is convicted of an offense punishable by fine and imprisonment in the county jail, to also sentence the prisoner to labor on the public roads of the county, and the fact that such court or justice may not have orally included such sentence in pronouncing the judgment of fine and imprisonment, will not affect the judgment and sentence entered of record which does include sentence to work on the public roads. (p. 720).

2. MANDAMUS—*Return Conclusive as to Whether Bill of Exceptions Directed to be Signed is True.*

Upon a writ of mandamus to compel a trial judge to sign a bill of exceptions, his return is conclusive on the fact whether or not such bill of exceptions as presented is true. (p 720).

3. CRIMINAL LAW—*During Term Court on Conviction of Misdemeanor May Correct Judgment.*

In the case of one convicted of a misdemeanor the trial court may during the same term of court in the absence of the defendant amend or correct its judgment so as to make it record the judgment actually pronounced and which the law requires the court to pronounce. (p. 721).

Original mandamus by the State, on the relation of Rufus Hensley, against Hon. James Damron, Judge, etc.

*Writ denied.*

*S. B. Avis,* for relator.

*W. H. Bronson* and *John T. Simms,* for respondent.

MILLER, PRESIDENT:

By mandamus petitioner seeks to compel respondent to settle and sign his bill of exceptions No. 2, presented on May 26, 1919, within thirty days after adjournment of the term at which petitioner was tried and convicted and judgment

pronounced against him for the offense of having brought into the State within the period of thirty days more than one quart of intoxicating liquors prohibited by law.

The averments of the petition and the alternative writ are that upon conviction by the verdict of the jury on April 19, 1919, the court proceeded to pronounce judgment and sentence upon petitioner as recited in its order, in accordance with said verdict and in accordance with law, and assessed against him a fine of one hundred dollars and imprisonment in the county jail for the period of sixty days, and finally the consideration and judgment of the court was that the State of West Virginia do recover of and from petitioner said sum of one hundred dollars, the fine assessed as aforesaid, together with its costs in that behalf expended, including an attorneys fee of ten dollars as allowed by law, omitting, as it is averred in the petition and alternative writ, thereby further to adjudge against him the fine and imprisonment according to the sentence aforesaid, or any other punishment that might be lawfully imposed.

It is further averred that afterwards, on the 7th day of May, 1919, on the last day of the term at which the judgment was so entered against petitioner, respondent, in the absence of petitioner and without any notice or capias ad audiendum served upon him, caused said final judgment to be amended by inserting after the final words "as according to law", the following: "And that the defendant be imprisoned and confined in the county jail of this county, and that he be worked upon the county roads of this county under the direction of the county road engineer."

It is further averred that petitioner did not know of said alteration of the record until after the adjournment of the term, and that the record was so altered after he had given notice in the previous order of his purpose to prosecute a writ of error to this court.

By the said bill of exceptions No. 2, it was proposed to have the record show the fact of the amendment of the judgment as alleged in the petition and alternative writ, but the averment is that respondent declined to sign and make the same a part of the record.

The return of respondent is that the judgment originally ordered was in accordance with the judgment as finally amended on the 7th day of May, 1919, and that all respond- ent did on May 7, before the adjournment of the term, on discovery of the omission, was to have the clerk in the clerk's office correct the judgment to correspond with the fact, and that it was not true as averred, that in addition to judgment of imprisonment defendant was not also adjudged to be worked on the public roads.

Petitioner undertakes to support his petition and alterna- tive writ by his own and the evidence of two or three per- sons present at the time judgment was originally pronounced against him. They all say that the judgment was that peti- tioner be fined one hundred dollars and imprisoned in the county jail sixty days. But the return of respondent shows that in addition to the judgment of fine and imprisonment the order as directed was that defendant be also worked on the public roads of the county.

But conceding the fact to be as petitioner contends, that respondent did not at the time of the judgment orally an- nounce the labor sentence, we do not think this omission would invalidate the judgment as corrected. The statute, section 109, chapter 43, Code 1918, provides that: ''When- ever, hereafter, any male person over the age of sixteen years shall be convicted of an offense the punishment of which by law is confinement in the county jail, before any court or justice of the peace, and sentenced by such court or justice of the peace to imprisonment in the county jail and to pay a fine and costs, he shall be sentenced by such court or justice of the peace to labor on the public roads of the county under the direction of the county road engineer or other re- presentative of the county court having such work in charge, during the time of such imprisonment and until said fine and costs are satisfied,'' etc. So that whether originally an- nounced as a part of the judgment of the court, the law im- poses this as a part of every punishment of fine and im- prisonment in the county jail and makes it the mandatory duty of the court to include it in its judgment.

But we have the return of respondent saying that as a

matter of fact he did at the time pronounce the judgment found in the record as amended, and our decisions say that on an application for a writ of mandamus to compel a trial judge to sign a bill of exceptions, his return is conclusive of the fact whether or not the bill of exceptions as presented is true. *Douglas* v. *Loomis, Judge,* 5 W. Va. 542, point 6 of the syllabus; *Poteet* v. *County Commissioners,* 30 W. Va. 58; *State* v. *Cunningham,* 33 W. Va. 607; *Cummings* v. *Armstrong, Judge,* 34 W. Va. 1.

But it is contended that the court could not lawfully so amend its judgment in the absence of the accused. This proposition is negatived by *Price* v. *Commonwealth,* 33 Gratt, 819. During the same term the orders of the court are always in the breast of the court to make corrections according to the fact.

Our conclusion is to deny the writ. 　　　*Writ denied.*