## Wages v. Commonwealth.

(Decided October 14, 1921.)

### Appeal from Laurel Circuit Court.

1. Criminal Law—Penalty for Second Offense.—The increased penalty authorized for a second violation of section 2572c-8, Ky. Stats., vol. 3, applies only to offenses committed after the first conviction thereunder.

2. Criminal Law—Plea of Guilty—Scope.—A plea of guilty confesses the truth of all facts properly set out in the indictment and waives every right to contest the truth thereof during the trial or thereafter in that case unless, perhaps, upon a showing in a motion for a new trial for duress or other incapacitating circumstances.

3. Criminal Law—New Trial.—The affidavit of defendant in support of his motion for a new trial that the plea of guilty was entered "through misapprehension and being misinformed and under the wrong belief about the indictment" upon which he was being tried is not a ground for a new trial under section 271 of the Criminal Code which enumerates the several causes for which a new trial may be granted.

C. C. WILLIAMS, RAY C. LEWIS, LEWIS & JOHNSON, J. K. LEWIS and B. F. JOHNSON for appellant.

CHAS. I. DAWSON, Attorney General, and G. I. RADER for appellee.

Opinion of the Court by Judge Clarke—Affirming.

On November 19, 1919, which was the 22nd day of the October term of the Laurel circuit court, an indictment was returned against the appellant charging him with the offense of owning and operating a moonshine still in Laurel county, Kentucky, on November 13, 1919. In a second count of the indictment it is further charged that the defendant had been previously indicted for the same offense and had been convicted thereunder on the 29th day of October, 1909, and his punishment fixed at a fine of $100 and one day's imprisonment in the county jail.

The proceedings of the former trial and conviction are fully set out and it is specifically stated, "that the offense described and of which the defendant is, accused and indicted in the first count of this indictment was committed at a time subsequent to the said conviction and sentence referred to in this count."

On February 19, 1921, this indictment came on for trial and defendant not being able to employ counsel, the court appointed two lawyers to represent him. A jury was selected and defendant waived arraignment and entered a plea of guilty. The jury was sworn and "after hearing the instructions of the court and statements of counsel" returned a verdict finding the defendant guilty and fixing his punishment at five years' confinement in the penitentiary.

His motion and grounds for a new trial having been overruled, he has prosecuted this appeal from the judgment entered on the verdict.

Of the numerous grounds set out in his motion for a new trial but one is argued and relied upon here for reversal of the judgment, namely, that the offense for which defendant was convicted under this indictment was not committed subsequent to his former conviction for a like offense. The statute under which defendant was tried and convicted upon both indictments, section 2572c-8, Ky. Stats., vol. 3, provides that:

"Any person guilty of any offense enumerated in this section shall, for the first offense, be fined not less than fifty dollars nor more than five hundred dollars and confined in the county jail not exceeding six months, and for the second offense confined in the penitentiary not less than one year nor more than five years in the discretion of the jury."

In construing similar statutes providing a heavier penalty for a second or subsequent violation thereof, we have uniformly held that the increased penalty only applies to offenses committed after the first conviction. Brown v. Commonwealth, 100 Ky. 127, 37 S. W. 496; Hyser v. Commonwealth, 116 Ky. 410, 76 S. W. 174; Sharp v. Commonwealth, 124 S. W. 317; Morgan v. Commonwealth, 170 Ky. 400, 186 S. W. 132. Hence if as now contended for defendant the offense for which he was convicted in this case was not committed subsequently to his prior conviction under this statute, the imposition of the heavier penalty was not warranted by the statute. There are, however, several obstacles in the way of a reversal for this reason upon the record in this case.

In the first place neither objection nor exception was interposed to the instructions authorizing the increased penalty. Then, again, such an objection and exception, if saved, would have been unavailing since by his plea of guilty defendant confessed that the offense for which he was being tried was committed on November 13, 1919, and after his former conviction for a like offense on October 29, 1919, as charged in the indictment. This plea rendered the introduction of evidence unnecessary, and none was offered, and the trial court properly instructed the jury on the whole law applicable to the facts confessed to be true, which under the authorities cited above included the penalty imposed. Hence it follows that these authorities upon which defendant so confidently rests his appeal not only do not support his contention, but render it untenable.

The fact that defendant in his affidavit filed in support of his motion for a new trial states that "in truth and in fact I have not been operating any moonshine still nor had one in my possession at all since" his former conviction, cannot be sufficient by itself to warrant a new trial since by his plea of guilty he confessed he had done so and as a necessary consequence of such confession waived every right to contest that fact so far as this case is concerned unless, perhaps, upon a sufficient showing upon the motion for a new trial that the plea was entered and maintained throughout the trial under duress or other incapacitating circumstances. Whether or not under such circumstances a new trial should be granted we need not decide, since we are sure there is nothing in appellant's affidavit sufficient for that purpose, as he only states as a reason for pleading guilty that the plea was entered

"through misapprehension and being misinformed and under the wrong belief about the indictment;" that he thought this indictment had been dismissed or filed away and that he was being tried for another offense.   This is, of course, not in any sense newly discovered evidence. Neither is it a claim of surprise, although it more nearly resembles that than any of the other grounds for a new trial enumerated in section 271 of the Criminal Code, but even if it were a claim of surprise, such a claim first made in a motion for a new trial comes too late.   Lewis v. Commonwealth 190 Ky. 160.   Nor is it covered by the final general specification of section 271 *supra,* "or from any other cause the court be of the opinion that the defendant has not received a fair and impartial trial," since these words refer only to a cause for which the defendant is not himself responsible.   Ferrell v. Commonwealth, 176 Ky. 330, 195 S. W. 495.   To hold that the defendant was not responsible for the mistake here, if any, would be inconsistent with every known theory of his obligations and responsibilities upon the trial.

Wherefore the judgment is affirmed.