### Wolff v. Commonwealth.

(Decided November 6, 1925.)

#### Appeal from Jefferson Circuit Court (Criminal Division).

1.  Indictment and Information—Accused's Right to Object to Indictment as Insufficient to State Offense Held Waived.—Accused's right to object to indictment as insufficient to state offense held waived, where, the indictment being lost, he waived its production, elected to waive arraignment, and allowed trial to continue without any objection to the indictment.

2.  Criminal Law—Accused May Not Take Chance on Trial Without Indictment in Record, and After Conviction Seek to Arrest Judgment Because of Insufficiency of Indictment.—Accused will not

be permitted to take his chance on the trial without indictment being in the record, and then after his conviction seek to arrest the judgment because indictment failed to charge a public offense.

3. Criminal Law—After Conviction, Court will Presume Indictment Charged Ofense Submitted to Jury in Instructions.—After trial and conviction, court will presume indictment charged offense submitted to jury in instruction.

4. Criminal Law—Instruction on Reasonable Doubt Held Not to Constitute Such Departure from Language of Statute as to Make it Erroneous.—Instruction that, "if the jury have a reasonable doubt from the evidence of the defendant's being guilty, he is entitled to an acquittal," though not following the language of Criminal Code of Practice, section 238, which the better practice requires, held not such a departure from the statutory language as to make the instruction erroneous.

5. Criminal Law—Party Surprised Cannot Go on with Trial, Take Chance with Verdict, and, Failing of Success, Seek New Trial on Ground of Surprise.—Party surprised cannot go on with trial, take chance with verdict, and, failing of success, seek new trial on ground of surprise.

6. Criminal Law—Claim of Surprise, First Set up in Motion and Grounds for New Trial, Too Late.—Where accused was surprised by testimony of witness, but did not ask that the swearing of the jury be set aside and the case postponed, his claim of surprise, first set up in motion and grounds for new trial, was too late.

7. Criminal Law—Objection to Child's Appearance Before Jury Held Made Too Late.—In prosecution for having failed to stop and render aid after striking a child with an automobile, where it appeared injured child, walking on crutches, was permitted to take witness stand, so that doctor could point out her injuries, objection to child's appearance before jury, made for first time in accused's motion and grounds for new trial, held made too late.

8. Municipal Corporations—Accused's Guilt of Failing to Stop After Striking Child with Automobile Held Question for Jury.—Accused's guilt of failing to stop and render aid after striking child with his automobile held question for jury, where the evidence was conflicting as to whether accused was the person who drove the car.

JOHN P. HASWELL and HASWELL & LUKINS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Appellant, whom we will call the defendant, charged by indictment with having failed to stop and render aid after striking a child with his automobile, was convicted

and his punishment fixed at a fine of $250.00 and a jail sentence of thirty days.

On November 12, 1924, a child, Mary A. Kennedy, was struck and injured by an automobile at the crossing of Southern parkway and Fairmont avenue, in Louisville, Kentucky. The number of the license plate on this automobile was taken by a man who was passing, and according to him, it was a 1924 Kentucky license, number 187119. This was the number of the license of the defendant's machine.

Defendant relies upon five alleged errors for reversal. He places his principal reliance upon the failure of the court to sustain his motion in arrest of judgment. The defendant waived arraignment and went to trial without demurring to the indictment. He also waived the production of the indictment and the reading of the same to the jury, as the indictment had been lost, and after the verdict against him, the defendant entered a motion to arrest the judgment because the indictment failed to charge a public offense. The defendant was entitled to know with just what offense he was charged and an indictment that failed to give him that information would be defective, also an indictment that failed to charge a public offense would not support a judgment against defendant, but as he knew that this indictment was lost when he went to trial, and elected to waive arraignment and to allow the trial to continue without any objection on his part then, he waived his right to object to the indictment and he cannot be heard to complain now. The defendant will not be permitted to take his chance on the trial without the indictment in the record and then, after his conviction, seek to arrest the judgment because the indictment failed to charge a public offense. After his trial and conviction, it will be presumed that the indictment charged the offense submitted to the jury in the instructions.

He complains of instruction number two. It is:

"If the jury have a reasonable doubt from the evidence of the defendant's being guilty, he is entitled to an acquittal."

This court has repeatedly written that in giving an instruction as to reasonable doubt, the better practice is to follow the language of section 238 of the Criminal Code, still, the departure from that language in this case was not sufficient to be erroneous.

Defendant admitted passing the place of this accident at about 11:15, but claims that he got to his butcher shop by 11:20 and remained there for two hours. He sought to prove that fact by his butcher, Henry Kettler, but Kettler became excited and confused while on the stand, and his testimony was that the defendant got to his butcher shop at 10:20 and remained there two hours. Thus the jury could not believe the defendant and also his witness. The witness had told the defendant and his counsel before the trial began that the defendant reached his butcher shop at 11:20, as defendant claims, and when the witness swore otherwise, defendant should have asked that the swearing of the jury be set aside and the case postponed. A party surprised cannot go on with his trial and take a chance with the verdict, and, failing of success, seek a new trial for the same ground. Liverpool, &c., Ins. Co. v. Wright, et al., 158 Ky. 290, 164 S. W. 952; Sizemore v. Commonwealth, 189 Ky. 46, 224 S. W. 637. The defendant made no such motion, but allowed his trial to continue, and this claim of surprise was first set up in his motion and grounds for new trial, which was too late. Lewis v. Commonwealth, 190 Ky. 160, 227 S. W. 149; Wages v. Commonwealth, 192 Ky. 487, 233 S. W. 1044.

The next error alleged is that the court permitted the injured child to be taken to the witness stand and permitted the doctor to point out on her body places where she was injured, and that the presence of this crippled child, walking on crutches, had a tendency to prejudice the jury against him. The gravamen of this offense consisted in striking and injuring the child and driving away without giving aid. It made no difference in the degree of the offense how much or how little the child was injured; but the defendant allowed this evidence to be offered without making objection to it, and the first objection to this child's appearance before the jury was made in his motion and grounds for new trial. This was too late. Thompson v. Commonwealth, 122 Ky. 501, 91 S. W. 701, 28 R. 737; Finney v. Commonwealth, 190 Ky. 536, 227 S. W. 999.

His final contention is that the verdict is not sustained by the evidence. The traffic officer on duty was unable to identify the defendant or his car. Auburn Bruce, who happened to be approaching the crossing from the opposite direction, saw the accident and took the number of the car. He testified that the number was 187119.

Dr. Robbins, the city chemist, examined the car belonging to defendant and found a red spot on the bumper. He flecked the spot off, and made a microscopic examination of it. He testified that it contained red blood cells, but was unable from his examination to say what kind of blood it was. Defendant attempted to account for the blood upon the bumper by proving that he was in the habit of killing chickens in his garage, and he insists that this was chicken blood.

There is conflict in the evidence, but we cannot say that the evidence does not support the verdict. If the jury believed the witnesses Bruce, Mrs. Orendorf and the traffic officer, they had to convict the defendant, while if they believed the defendant, they had to acquit him. Just what witnesses to believe and what ones not to believe, was a question for the jury.

The judgment is affirmed.