# CHARLESTON.

### STATE v. LOUIE HOWERTON

(No. 5188)

Submitted October 13, 1925. Decided December 1, 1925.

1. CRIMINAL LAW—*In Felony Cases, Accused Must be Present in Person From Beginning of Trial to Final Judgment When Anything is Done Affecting Him.*

   In felony cases the accused must be present in his own proper person from the inception of the trial upon the indictment to the final judgment, inclusive, when anything is done affecting him.   (p. 502.)

   (Criminal Law, 16 C. J. § 3051.)

2. SAME—*Absence of Accused When Instructions Are Argued and Acted on by Court Held Reversible Error.*

   Under this rule, the prisoner should be present when the instructions are argued and acted upon by the court; and his absence at such time will constitute reversible error. (p. 504.)

   (Criminal Law, 16 C. J. § 2067; 17 C. J. § 3750 [Anno.].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mercer County.

Louie Howerton was convicted of murder in the second degree, and he brings error.

*Reversed and remanded.*

*James Damron,* and *John M. McGrath,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant was found guilty, by a jury, of murder in the second degree. To the judgment of the court, upon the verdict of conviction, imposing a sentence of sixteen years confinement in the penitentiary he prosecutes this writ.

At the trial the numerous instructions offered by the State and the defendant were argued and acted upon by the trial court in the absence of the defendant. This is the sole ground of error.

Section 2, Chapter 159, Code, provides:

> "A person indicted for felony shall be personally present during the trial therefor".

The statute has been construed and applied with great strictness in favor of the accused in numerous cases by this Court; probably the most extreme being that of *State* v. *Sheppard,* 49 W. Va. 582, wherein the asking and answering of two immaterial questions in the absence of the defendant, during the examination of a witness, was held to constitute reversible error, although the questions and answers were immediately repeated in the presence of the accused.

*State* v. *Parsons,* 39 W. Va. 464, holding that the prisoner must be present when action is had on a motion for a new trial, lays down the rule, in accordance with many other decisions of this Court, that in felony cases the accused must be present in his own proper person from the inception of the trial upon the indictment to the final judgment inclusive, when anything is done affecting him; and that the record must show his presence. We quote from the opinion, written by Judge BRANNON, in that case:

> "The second ground on which the accused asks a new trial is that he was absent when the subject of a new trial was being considered. The Code in Section 2, c.159 as well as the common-law requires that 'a person indicted for felony shall be personally present during the trial therefor'. 'What does the word 'trial' here used mean? Does it mean merely trial before the jury? Must he be present when a motion for a new trial is pending? Some authorities hold that he need not be; but the great weight of authority is that he must be so present when any step affecting him is taken from arraignment to judgment inclusive. *Sperry's Case,* 9 Leigh, 623; *Younger's Case,* 2

W. Va. 579; *State* v. *Conkle,* 16 W. Va. 736;
*State* v. *Sutfin,* 22 W. Va. 771; *State* v. *Greer,*
Id. 801; *Jackson's Case,* 19 Gratt. 656; *Lawrence's
Case,* 30 Gratt. 845; *Bond's Case,* 83 Va. 581, 3
S. E. Rep. 149.

"In *Honaker's Case,* 13 Gratt. 763, it is pointedly held that the accused must be present during action on a motion for a new trial; so in *Bond's
Case,* 83 Va. 581, 3 S. E. 149. The record-book
must always show the prisoner's presence."

Reversing the judgment of the lower court on the ground
that a motion for a new trial had been argued while the defendant was absent, in *State* v. *Grove,* 74 W. Va. 702, it is
said:

"Plainly, by the long line of decisions binding
us, the procedure recited in this bill of exceptions
constituted reversible error. It is unnecessary to
cite the cases. They are known to every lawyer.

"The statute stands as it has stood in the Virginias for years: 'A person indicted for felony
shall be personally present during the trial therefor'. Code 1913, Chapter 159, Section 2. The
right of one under indictment for a felony to be
personally present at every stage of his trial cannot be denied him. The statute has always been
viewed as absolutely mandatory, even when it
could be seen that no harm has come from its nonobservance. Notwithstanding such strict view of
the right given, no legislature has seen fit to liberalize the rule. Quite apparently our lawmakers
continue to sanction the policy of the original enactment as strictly interpreted and enforced by
the courts. Such strict interpretation and enforcement in some instances seems unnecessarily technical. Particularly is this so when in a case it
appears affirmatively that the accused could not
have been prejudiced by a slight disregard of the
statute. But the right of the accused in a felony
case to be personally present at all times during
his trial has ever been deemed rather an inalienable one. The province for change properly lies
in the Legislature, not in this Court."

In *State* v. *Sutton,* 71 W. Va. 371, the lower court was reversed because a motion to strike out evidence of a State witness was argued in the absence of defendant.

Likewise in *State* v. *Snider,* 81 W. Va. 523, a new trial was granted because an objection to a question propounded by counsel for the State to a prosecution witness was argued in the absence of the accused.

There is certainly as great reason for the defendant being present at the argument and decision upon the instructions as when objection to evidence or motion for a new trial is argued and decided. The instructions, which give complexion to the evidence, are presumed to cover the case in its entirety. The presence of the accused may serve not only as a tempering influence upon the court, but in some cases he might, if present, stimulate and aid counsel representing his interests.

In view of the unbroken line of decisions of this Court adopting and adhering strictly to the doctrine that in felony cases the accused must be present in his own person from the inception of the trial upon the indictment to the final judgment, inclusive, when anything is done affecting him, we see no reason for departing from the rule in this case.

The judgment of the circuit court will therefore be reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Reversed and remanded.*