*In the Matter of* HARRY DYE

*v.*

OREL J. SKEEN, *Warden, etc.*

(No. 10278)

Submitted September 6, 1950. Decided December 12, 1950.

*William C. Marland,* Attorney General, *Londo H. Brown,* Assistant Attorney General, for plaintiff in error.

*S. Robert Reiter,* for defendant in error.

HAYMOND, JUDGE:

This habeas corpus proceeding was instituted in the Circuit Court of Marshall County in October, 1949, by the petitioner, Harry Dye, a prisoner under a sentence of imprisonment for life in the West Virginia Penitentiary at Moundsville, in that county, to require the respondent, Orel J. Skeen, as its warden, to release him forthwith from confinement in that prison. The proceeding was heard upon the petition and its exhibits, the substance of which was embodied in the petition, upon the answer of the respondent, and upon a written stipulation entered into between the attorney for the petitioner and one of the attorneys for the respondent with reference to two felony indictments against the petitioner and a codefendant in the Circuit Court of Roane County and orders of that court upon those indictments at its May term, 1933. The judge of the circuit court, being of the opinion that the petitioner was illegally confined and should be immediately released, by judgment entered November 14, 1949, in vacation, ordered the respondent forthwith to release him from confinement in the penitentiary. To that judgment this Court granted this writ of error upon the petition of the. respondent.

At the May term, 1933, of the Circuit Court of Roane County, two joint indictments for felony, designated as No. 1 and No. 2, were returned against the petitioner, Harry Dye, who was then under twenty one years of age, and Basil Alvis. One indictment charged them with breaking and entering, and entering without breaking, the dwelling house of John House and Nellie House, in that county, in April, 1933, and stealing goods of the value cf $5.00. The other indictment charged them with breaking and entering, and entering without breaking, the dwelling house of Madge Hardin in that county, in March, 1933, and stealing goods of the value of $17.65. By order entered May 22, 1933, bearing the notation "Upon Indictment for a Felony, No. 1", one of the cases was set for trial on May 31, 1933. On that day the petitioner, who appeared in person and by counsel, and his codefendant, Alvis, entered separate pleas of guilty to each of the two indictments. These pleas are shown by duplicate orders, in identical form, separately entered by the court, which do not specifically refer to or identify either indictment but contain the mere recital "Upon an indictment for a felony", and by the notation "Plea of guilty" on the back of each indictment. By these duplicate orders, the court, on May 31, 1933, sentenced the petitioner and his codefendant to commitment to and confinement in the West Virginia Industrial School for Boys until each of them attained the age of twenty one years, and directed that they be placed in the custody of the sheriff to be delivered to that institution. On June 1, 1933, during the same term of court, by duplicate orders separately entered, the court, in the absence of the defendants, vacated and set aside the duplicate orders of May 31, 1933, as to the petitioner, and sentenced him to confinement in the penitentiary of this State for a term of five years. The petitioner did not appeal from these orders and the inference is that he has served the sentences imposed by the court on June 1, 1933.

At the January term, 1943, of the Circuit Court of Roane County, the petitioner was again indicted for a felony. The indictment contained four counts. The first and sec-

ond counts respectively charged the petitioner with forging a check for $5.00 and possessing and uttering a forged check for $5.00, and the third and fourth counts respectively set forth his prior convictions and sentences upon the two indictments returned against him in the Circuit Court of Roane County in 1933. Upon the trial the jury returned a general verdict of guilty and the court, finding that the petitioner had "been twice before the trial of this case sentenced in this court to confinement in the penitentiary of the State of West Virginia," by order entered January 29, 1943, imposed the sentence of imprisonment for life from which the petitioner seeks release in this proceeding.

The maximum penalty provided by law for the specific offense of which the petitioner was convicted in January, 1943, is confinement in the penitentiary for ten years, Code, 1931, 61-4-5; and at the time of the institution of this proceeding on October 19, 1949, he had served that portion of the sentence of life imprisonment.

By his assignments of error the respondent seeks reversal of the judgment of November 14, 1949, ordering the release of the petitioner, on these principal grounds: (1) The petitioner was sentenced under the indictments in the Circuit Court of Roane County in 1933, as a felon and not as a juvenile delinquent under Article 2, Chapter 49, of the Code of 1931; (2) the Circuit Court had the power during the same term of court to vacate the sentences originally imposed upon the petitioner at the May term, 1933, and to impose different and more severe sentences; (3) the action of the court in vacating the prior sentences and in imposing greater sentences at the same term, in the absence of the defendant, is a mere irregularity or error which does not invalidate the judgments entered by the court; (4) the character of the sentences imposed under the indictments in 1933 is immaterial and does not affect the convictions of the petitioner under those indictments, within the meaning of the habitual criminal statute, Sections 18 and 19, Chapter 26, Acts of the Legis-

lature, 1939, Regular Session; (5) under an indictment for a felony in a criminal case in which the court has juris-. diction of the defendant and of the offense with which he is charged, and which indictment charges the defendant with prior convictions of crimes punishable by confinement in a penitentiary, the verdict of a jury, finding the defendant guilty as charged, is conclusive, unless set aside upon writ of error or other appellate process; and (6) the judgment of a court which has jurisdiction of the defendant and the offense with which he is charged, in a criminal case, can not be attacked in a habeas corpus proceeding.

In substance, the contentions of the petitioner, Dye, to sustain the judgment of the Circuit Court of Marshall County are: (1) The offenses for which the petitioner was sentenced by the Circuit Court of Roane County in 1933 are not felonies; (2) the sentences imposed by that court on June 1, 1933, are void; (3) the convictions in that court in 1933 are not valid prior convictions and do not form the basis, under the habitual criminal statute, for a sentence of life imprisonment in the trial of a subsequent indictment for a felony; and (4) a sentence of life imprisonment upon the trial of a subsequent indictment for a felony which charges two prior convictions at the same term of court of offenses punishable by confinement in a penitentiary may be attacked in a habeas corpus proceeding.

The first question which must be considered and determined is whether the validity of the judgment of life imprisonment, imposed under the habitual criminal statute then in force, can be inquired into and collaterally attacked in a habeas corpus proceeding. A writ of habeas corpus is not a substitute for a writ of error or other appellate process, and does not reach irregularities in the proceedings or errors in the judgment of a court which has jurisdiction of the parties and of the subject matter in a civil or a criminal proceeding. *State ex rel. Nutter* v. *Mace,* 130 W. Va. 676, 44 S. E. 2d 851; *Slater* v. *Melton,*

119 W. Va. 259, 193 S. E. 185; *Schad* v. *McNinch,* 103 W. Va. 44, 136 S. E. 865; *Ex parte Kirby,* 100 W. Va. 70, 130 S. E. 86; *Ex parte Veltri,* 83 W. Va. 226, 98 S. E. 146; *Ex parte Beavers,* 80 W. Va. 34, 91 S. E. 1076; *Ex parte Page,* 77 W. Va. 467, 87 S. E. 894; *Ex parte Evans,* 42 W. Va. 242, 24 S. E. 888; *Flack* v. *Fry,* 32 W. Va. 364, 9 S. E. 240; *Ex parte Mooney,* 26 W. Va. 36, 53 Am. Rep. 59. When the process or the proceeding is void, however, the remedy by habeas corpus may be invoked. *State ex rel. Nutter* v. *Mace,* 130 W. Va. 676, 44 S. E. 2d 851; *Ex parte Page,* 77 W. Va. 467, 87 S. E. 849; *Ex parte Bornee,* 76 W. Va. 360, 85 S. E. 529, L. R. A. 1915F, 1093; *Ex parte Evans,* 42 W. Va. 242, 24 S. E. 888; *Ex parte Mooney,* 26 W. Va. 36, 53 Am. Rep. 59.

In the last cited case of *Ex parte Mooney,* in affirming the order of the circuit court which dismissed a writ of habeas corpus and remanded the prisoner, this Court discussed some of the general principles which govern courts in habeas corpus proceedings and in the opinion said:

"A proceeding defective for *irregularity* and also one void for *illegality* may be reversed upon error or *certiorari;* but it is the latter defect only which gives authority to discharge on *habeas corpus. Ex Parte Van Hogan,* 25 Ohio St. 426; *In re Schenck,* 74 N. C. 607, 610; *Ex Parte Virginia,* 100 U. S. 339; *Petition of Semler,* 41 Wis. 517. * * *.

"It would be *irregular* to sentence a person to imprisonment in his absence, where the absence was occasioned by the order of the court pronouncing the sentence. It would be *illegal* to sentence him to imprisonment for a crime which was punishable by pecuniary fine only. *Ex Parte Gibson,* 31 Cal. 619; *Petition of Crandall,* 34 Wis. 177.

"Wise rules of procedure established for the regulation of other judicial proceedings are not to be discarded in that of *habeas corpus* when they are applicable. One of these rules is, that when a record or process is only *collaterally* brought into question, it can not be invalidated

for error or irregularity. Hurd on *Habeas Corpus* (2d Ed.) 328 and cases cited. Therefore, where a party is imprisoned under a judgment or order of a court having authority to make the order, he can not be discharged on *habeas corpus,* however erroneous such judgment may be; but it is otherwise if the court had no authority to make the order or jurisdiction to pronounce the judgment. *In Re Blair,* 4 Wis. 552; *People* v. *Cassells,* 5 Hill 164; *State* v. *Foule,* 41 N. H. 540; *Williamson's Case,* 26 Pa. St. 9; *Matter of Eaton,* 27 Mich. 1. * * *.

"Errors which render the judgment merely voidable and do not make it absolutely void, can not be enquired into under a writ of *habeas corpus. In Re Prime,* 1 Barb. 340; *State* v. *Shattuck,* 45 N. H. 211; *Riley's Case,* 2 Pick. 171; *Ex Parte Watkins,* 3 Pet. 201.

"If the judgment is in excess of that which the court rendering it had by law the power to pronounce, such judgment is void for the excess only. *Brook's Case,* 4 *Leigh* 669; *Murray's Case,* 5 Id. 720, 724; *Hall's Case,* 6 Id. 615, 618; *People* v. *Lipscomb,* 60 N. Y. 560; *Feeley's Case,* 12 Cush. 598; *Ex Parte Shaw,* 7 Ohio St. 81; *People* v. *Markham,* 7 Cal. 208; *People* v. *Baker,* 89 N. Y. 467." See also 25 Am. Jur., Habeas Corpus, Section 59.

The jurisdiction of the Circuit Court of Roane County to sentence the petitioner to life imprisonment by the judgment of January 29, 1943, depended upon and was derived from the habitual criminal statute. That statute, Sections 18 and 19, Chapter 26, Acts of the Legislature, 1939, Regular Session, which has been subsequently amended, was in effect when the judgment of life imprisonment was rendered. Section 18 provided that when any person is convicted and sentenced to confinement in the penitentiary for an offense and had been before convicted in the United States of an offense punishable by imprisonment in a penitentiary, the court should add five years to a sentence for a definite term of years and five years to the maximum term of imprisonment in the event of an indeterminate sentence for the offense of which such per-

son is convicted. Section 19 contained this language: "When any such convict shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life. But before such sentence may be lawfully imposed, it must be alleged in the indictment on which the person is convicted, and admitted, or by the jury found, that such convict had theretofore been twice so convicted."

From the foregoing authorities, if the Circuit Court of Roane County did not have jurisdiction, under the quoted provisions of the statute, to impose the sentence of life imprisonment upon the petitioner, that sentence may be inquired into in a habeas corpus proceeding and invalidated to the extent that the circuit court was without authority to impose it.

The action of the Circuit Court of Roane County, in vacating the sentences of confinement in the West Virginia Industrial School for Boys imposed upon the petitioner by the orders entered May 31, 1933, which committed him to the sheriff to be delivered to the Industrial School, and in imposing sentences which carried the greater penalty of his confinement in the West Virginia Penitentiary for a term of five years by the orders entered June 1, 1933, during the May term of court, in the absence of the petitioner, was clearly erroneous. Code, 1931, 62-3-2, contains this provision: "A person indicted for felony shall be personally present during the trial therefor." This requirement of the statute means that such person must be present in person when any step affecting him is taken from arraignment to final judgment inclusive. *State v. Howerton,* 100 W. Va. 501, 130 S. E. 655; *State v. Stevenson,* 64 W. Va. 392, 62 S. E. 688, 19 L. R. A. (N. S.) 713; *State v. Sheppard,* 49 W. Va. 582, 39 S. E. 676; *State v. Parsons,* 39 W. Va. 464, 19 S. E. 876; *State v. Greer,* 22 W. Va. 800; *State v. Sutfin,* 22 W. Va. 771; *The State v. Conkle,* 16 W. Va. 736. Numerous decisions of this Court, recognizing and giving effect to the

statute, hold that in a felony case the defendant must be personally present, when anything is done affecting him, from the inception of the trial until the final judgment, and that the record must show his presence, *State* v. *Howerton,* 100 W. Va. 501, 130 S. E. 655; *State* v. *Snider,* 81 W. Va. 522, 94 S. E. 981; *State* v. *Grove,* 74 W. Va. 702, 82 S. E. 1019; *State* v. *Sutter,* 71 W. Va. 371, 76 S. E. 811, 43 L. R. A. (N. S.) 399; *State* v. *Stevenson,* 64 W. Va. 392, 62 S. E. 688, 19 L. R. A. (N. S.) 713; *State* v. *Sheppard,* 49 W. Va. 582, 39 S. E. 676; *Younger* v. *The State,* 2 W. Va. 579, 98 Am. Dec. 791.

The cases of *State ex rel. Hensley* v. *Damron,* 84 W. Va. 718, 100 S. E. 495; *State* v. *Haddox,* 50 W. Va. 222, 40 S. E. 387; *Wright* v. *Commonwealth,* 111 Va. 873, 69 S. E. 956; and *Price* v. *Commonwealth,* 33 Gratt. 819, cited and relied upon by the respondent to sustain the action of the trial court in vacating the sentences originally imposed and in imposing greater sentences upon the petitioner, deal with situations different from the situation involved in this case, and those cases have no present application.

In *State ex rel. Williams* v. *Riffe,* 127 W. Va. 573, 34 S. E. 2d 21, this Court, discussing the power of a court to set aside its judgment during the term in which it was rendered, used this language: "There seems to be no doubt that under the weight of authority, a criminal, as well as a civil, court may, for certain purposes, set aside a judgment by an order entered during the same term at which the order set aside was spread upon the records of the court. That rule, however, in criminal cases where the judgment has been satisfied in whole or in part, is limited to those cases in which the trial court reduces the penalty imposed. Cases in which the penalty is increased are treated as subjecting the accused to double jeopardy and therefore the second sentence is void, leaving in effect the original sentence. * * *. The rule seems to be thoroughly established that where imprisonment has begun in satisfaction of a sentence, that sentence cannot be increased." The errors in the foregoing action of the Cir-

cuit Court of Roane County respecting its orders of June 1, 1933, however, can not affect the decision in this proceeding for the reason that they can be corrected or reversed only by writ of error or other appellate process and can not be reached or controlled by habeas corpus. *Ex parte Evans,* 42 W. Va. 242, 24 S. E. 888; *Ex parte Mooney,* 26 W. Va. 36, 53 Am. Rep. 59.

The jurisdiction of the Circuit Court of Roane County under the habitual criminal statute relative to the sentence of life imprisonment, however, was not affected by the character of the sentences or the manner in which they were rendered upon the two prior convictions of the petitioner of the offenses for which he was indicted in 1933. The statute did not expressly refer to or mention the sentences in connection with the two prior convictions with which it dealt. Its language was "When any such convict shall have been twice before *convicted* in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life." (Emphasis supplied.) The convictions of prior crimes, by verdict or by plea of guilty, when they become final by the entry of judgment upon them, form the basis for the sentence of life imprisonment required by the statute. Though the conviction contemplated by the statute generally connotes finality of judicial ascertainment by the trial court, *State* v. *Savage,* 86 W. Va. 655, 104 S. E. 153; and must be made final by the entry of a judgment of sentence, *Commonwealth* v. *McDermott,* 224 Pa. 363, 73 A. 427, 24 L. R. A. (N. S.) 431; *State* v. *Gani,* 157 La. 231, 102 So. 318; this requirement was satisfied by the erroneous final judgments which were entered by the Circuit Court of Roane County in 1933, and which were never altered or disturbed upon writ of error or other appellate process.

Notwithstanding the contentions of the petitioner, Dye, that he was dealt with as a juvenile delinquent and not as a felon, under the indictments in 1933, that the offenses for which he was indicted were not felonies, and that he

pleaded guilty to only one indictment, the record shows beyond question, that he was indicted for two separate felonies, that he was prosecuted, under both indictments, as a felon and not as a juvenile delinquent, that he pleaded guilty to both indictments, and that he was convicted and sentenced for two crimes which were punishable by confinement in a penitentiary.

The situation just described concerning the two crimes punishable by confinement in a penitentiary of which the petitioner was convicted in 1933 renders it necessary to determine whether those convictions come within the provisions of Section 19, Chapter 26, Acts of the Legislature, 1939, Regular Session, which required the imposition of a sentence of confinement in the penitentiary for life upon a person who is subsequently convicted of a felony. The recent case of *State ex rel. Stover* v. *Riffe,* 128 W. Va. 70, 35 S. E. 2d 689, was a proceeding in mandamus to require the judge of a trial court, under the present habitual criminal statute, to impose a sentence of life imprisonment upon a defendant who had been convicted of a third felony which was committed before he was convicted of a second felony. Section 18 of the statute, Chapter 31, Article 11, Acts of the Legislature, 1943, Regular Session, provides, in part, that when any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, he shall be sentenced to be confined in the penitentiary for life. The accused was convicted and sentenced for the first felony in 1942; he was indicted January 6, 1945, for the murder of his wife, and again indicted June 11, 1945, for grand larceny committed June 9, 1945. On June 23, 1945, he was arraigned on the charge of murder, the second felony committed by him and for which he was indicted. He was convicted, on his plea of guilty, of the crime of murder of the second degree and sentenced to confinement in the penitentiary for a term of not less than five years nor more than

eighteen years, and an additional term of five years by reason of his conviction of the first felony committed by him in 1942. Later the same day, and during the same term of court, he was arraigned on the charge of grand larceny, the third felony committed by him in point of time and for which the third indictment was returned. He was convicted of this charge, on his plea of guilty, and sentenced to be confined in the penitentiary for a term of from one year to ten years. This Court held that a third conviction for a felony which was committed prior to a second felony conviction does not justify the imposition of a life sentence by a trial court under the statute and denied the writ. In the opinion this language appears: "We can conceive of a situation wherein a person is convicted of three felonies at one term of court. If the relator's position should be carried to its ultimate conclusion, the trial court, under Section 18, would be required to sentence such person to life imprisonment in the penitentiary. The statute, as we read it, does not envision any such result. Its purpose is to deter a person from future violations. 25 Am. Jur., Habitual Criminals, Section 12, Note 6. Also see generally Underhill's Crim. Ev. (4th Ed.) Section 822, page 1491. In the instant case we have a situation where the felony upon which the third conviction was made, was committed prior to the plea of guilty and sentence on the murder charge, the second offense committed in point of time. The public policy underlying the enactment of Sections 18 and 19 would not be served by the imposition of a life sentence under the provisions of said sections."

Under the holding of this Court in the *Riffe* case, it is clear that the two convictions. of the petitioner, at the May term of court in 1933, did not satisfy the requirement of the statute that he must "have been twice before convicted", to authorize a sentence of life imprisonment upon his conviction of a third felony, and that those convictions did not justify the imposition, under the statute, of his sentence of life imprisonment in the penitentiary rendered by the trial court on January 29, 1943. The utmost

valid sentence which the trial court was authorized and empowered by the statute to impose upon the petitioner upon his conviction under the third felony indictment in 1943 was confinement in the penitentiary for a term of ten years under the forgery indictment and for an additional term of five years for one of the two prior convictions. As the Circuit Court of Roane County was without jurisdiction to impose the sentence of life imprisonment, the excess of that sentence beyond a period which embraced a term of ten years and an additional term of five years was void and may be inquired into and controlled in a habeas corpus proceeding.

Though other courts in some cases have adopted a different view with respect to the imposition of increased punishment, because of prior convictions, upon a person convicted of a subsequent offense, *People* v. *Braswell,* 103 Cal. App. 399, 284 P. 709; *Bumbaugh* v. *State,* 36 Ohio App. 375, 173 N. E. 267; the conclusion reached in this case, that two prior felony convictions at the same term of court, which are regarded as simultaneous, do not authorize or justify a sentence of life imprisonment upon a third felony conviction under a habitual criminal statute, accords with the general rule, recognized in numerous other jurisdictions, that to warrant an enhancement of the penalty, the prior convictions, except the first conviction, must be for an offense committed after each preceding conviction, and that all such prior convictions must precede the commission of the principal offense. The reason usually given for the establishment of the rule is that the legislature, in enacting a habitual criminal statute, intended it to serve as a warning to first offenders and to afford a convict an opportunity to reform. *Cobb* v. *Commonwealth,* 267 Ky. 176, 101 S. W. 2d 418; *Brown* v. *Commonwealth,* 100 Ky. 127, 37 S. W. 496; *Morgan* v. *Commonwealth,* 170 Ky. 400, 186 S. W. 132; *Wages* v. *Commonwealth,* 192 Ky. 487, 233 S. W. 1044; *Sharp* v. *Commonwealth* (Ky.), 124 S. W. 316; *People* v. *Tramonti,* 153 Misc. 371, 275 N. Y. S. 517; *People* v. *Spellman,* 136 Misc. 25, 242 N. Y. S. 68; *People ex rel. Plattner* v. *Warden of State Prison at Ossining,* 103 Misc.

330, 170 N. Y. S. 6; *People* v. *Bergman,* 176 App. Div. 318, 162 N. Y. 443; *People* v. *Butler,* 3 Cowan (N. Y.) 347; *Arbuckle* v. *State,* 132 Tex. Crim. Rep. 371, 105 S. W. 2d 219; *Long* v. *The State,* 36 Tex. 6; *Kinney* v. *State,* 45 Tex. Crim. Rep. 500, 78 S. W. 225, 79 S. W. 570; *State* v. *Faull,* 178 Wis. 66, 189 N. W. 274; *Commonwealth* v. *Calio,* 155 Pa. Super. 355, 38 Atl. 2d 351; *Commonwealth* v. *Sutton,* 125 Pa. Super. 407, 189 A. 556; *Commonwealth* v. *Neill,* 16 Pa. Super. 210; *Commonwealth* v. *McDermott,* 224 Pa. 363, 73 A. 427, 24 L. R. A. (N. S.) 431; *State* v. *Gani,* 157 La. 231, 102 So. 318; *State* v. *Hamilton,* 340 Mo. 768, 102 S. W. 2d 642; *State* v. *Sumpter,* 335 Mo. 620, 73 S. W. 2d 760; 25 Am. Jur., Habitual Criminals and Subsequent Offenders, Section 12.

The remaining ground on which the respondent seeks reversal of the judgment of November 14, 1949, entered by the Judge of the Circuit Court of Marshall County, in vacation, which merits consideration, is his contention that the verdict of the jury of guilty in the trial of the forgery indictment in 1943, in the Circuit Court of Roane County, is conclusive, unless set aside upon writ of error or other appellate process. Though the habitual criminal statute then in effect required the prior convictions of the accused, unless admitted by him, to be submitted to and found by a jury, in connection with the trial of a subsequent offense, its affirmative finding as to those facts, which will not be disturbed if supported by sufficient evidence, can not be given recognition or effect in determining whether such convictions satisfy the statutory requirement that the accused, before subjected to a sentence of life imprisonment, must have "been twice before convicted * * * of a crime punishable by confinement in a penitentiary." That question, upon the established facts of the prior convictions, whether they are found by a jury or admitted by the accused, is a question of law for the court. If the decision of such question by the court is erroneous, and if it appears that the court is without jurisdiction to enter a judgment which enhances the penalty for the subsequent offense, based upon a verdict of

a jury or an erroneous decision of the court, with respect to the effect of the prior convictions, the action of the court in entering a judgment which, as a whole or in part, is void for lack of jurisdiction, may be considered and controlled in a habeas corpus proceeding.

The petitioner, Dye, insists that he was tried and convicted by the Circuit Court of Roane County, under the indictments in 1933, as a juvenile delinquent and not as a felon. As previously indicated, that contention is refuted by the record which shows clearly that the provisions of Article 2, Chapter 49 of the Code of 1931, then in effect, relating to the trial of a juvenile delinquent, were neither invoked nor followed. The court was vested with discretion to try the petitioner as a felon, as it did, or as a juvenile, as it did not, and in trying the petitioner as a felon, it did not abuse its discretion. But even if it had abused its discretion, its action in that respect could not be considered or controlled in this proceeding.

As already pointed out, the utmost valid sentence which the Circuit Court of Roane County had jurisdiction to impose upon the petitioner, under the forgery indictment returned against him in 1943, was confinement for a term which included the maximum period of ten years for the offense for which he was then convicted and an additional term of five years for one of his two simultaneous prior convictions at the same term of court in May, 1933. The residue of the sentence of life imprisonment in excess of ten years and the additional five years, is void. For that reason it can not be enforced and the petitioner, after completely serving the valid portion of his sentence, must be released. At the time of the institution of this proceeding, he had not fully served that portion of his sentence, and at this time he has not done so. For this reason the writ which he seeks in this proceeding is denied; the judgment entered by the Judge of the Circuit Court of Marshall County, in vacation, on November 14, 1949, discharging the petitioner, is reversed and set aside; and the petitioner is remanded to the custody of the respondent

until he has completely served the valid portion of his sentence of confinement in the West Virginia Penitentiary.

*Writ denied;*
*judgment reversed.*