Barnard v. Commonwealth.

CASE 44—INDICTMENT—APRIL 29.

## Barnard v. Commonwealth.

APPEAL FROM LAUREL CIRCUIT COURT.

CRIMINAL LAW—DEGREES OF OFFENSE.—Under an indictment for an "assault with intent to rob" the court should, if the evidence authorizes it, instruct the jury as to the offense of a common assault and battery.

WM. H. HOLT FOR APPELLANT.

The court should have instructed the jury as to the offense of assault and battery, that offense being included in the one charged in the indictment. (Criminal Code, secs. 262, 264.)

W. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

Under the Code of Practice, the offense of assault and battery is not a degree of the offense of assault with intent to rob. (Criminal Code, sec. 265.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant Barnard was indicted, tried and convicted of the crime of assaulting Patrick D. Casey with intent to rob him. The court, upon the trial of the case, instructed the jury correctly as to the crime of an "assault with intent to rob;" but the appellant contends as the offense of a common assault and battery, a mere breach of the peace, is a degree of the crime of an "assault with intent to rob," and is included in that charge, that the court, the evidence authorizing it, should have instructed the jury that they might find him guilty of the misdemeanor. There was some evidence before the jury that tended to show that the offense of the appellant was that of a common assault and battery only. Therefore, the question is, should the court have given an instruction

authorizing the jury to find the appellant guilty of that offense only?

Section 264, Criminal Code, seems to settle that question: "If an offense be charged in an indictment to have been committed with particular circumstances as to time, place, person, property, value, motive or intention, the offense without the circumstances, or with part only, is included in the offense, although that charged may be a felony, and the offense, without the circumstances, a misdemeanor only."

Here the crime of assaulting with intent to rob can not be made out without establishing an assault or assault and battery with such intent; and if the assault is committed without the additional circumstance of an intention to rob, then the assault is but a mere misdemeanor. But the intent to rob, and a conviction for it, absorbs the misdemeanor into the higher crime of felony; so likewise the higher crime of murder absorbs the offense of the mere assault and battery. But if the murder be not established, the party may be punished for the assault and battery, and if the person was not convicted of the assault with intent to rob, but committed a common assault and battery, he may be found guilty of misdemeanor, because it is but a degree of the crime of assault with intent to rob.

As the case must be remanded for a new trial, we will make no remarks upon the evidence further than indicated.

The judgment is reversed, and the cause is remanded for a new trial.