## Commonweath v. Reagan.

(Decided June 5, 1925.)

### Appeal from Jefferson Circuit Court (Criminal Division).

Burglary—Statute Prohibiting Possession of Burglars' Tools Held Still in Full Force.—Acts 1922, chapter 104, being unconstitutional, Kentucky Statutes, section 1159, prohibiting possession of burglars' tools, is still in full force, and demurrer to indictment under such section, admittedly in proper form, should have been overruled.

FRANK E. DAUGHERTY, Attorney General, GARDNER K. BYERS, Assistant Attorney General, and CHAS. W. LOGAN for appellant.

BRENT C. OVERSTREET for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The indictment herein charges appellee with having in his possession burglar's tools, in violation of section 1159 of the Kentucky Statutes. The trial court sustained a demurrer to the indictment, upon authority of the opinion of this court in Gibson v. Commonwealth, rendered October 10, 1924, and reported in 204 Ky. 748, 265 S. W. 339, in which it was held that section 1159, *supra,* had been repealed by chapter 104 of the 1922 acts. However, that opinion was withdrawn, upon a petition for rehearing, and another delivered holding the act of 1922, *supra,* to be unconstitutional. Gibson v. Commonwealth, 209 Ky. 101, — S. W. —.

It follows that section 1159 of the statutes is still in full force, and that the demurrer to the indictment, admittedly in proper form, should have been overruled.

Wherefore, the judgment sustaining the demurrer and dismissing the indictment is reversed, and the cause remanded for further proceedings not inconsistent herewith.