## Abner and Rogers v. Commonwealth.

(Decided October 13, 1925.)

### Appeal from Harlan Circuit Court.

1. Robbery—Common Assault and Battery is a Degree of Crime of Assault with Intent to Rob, and, Where Evidence Authorizes it, Court Should Instruct Thereon.—Common assault and battery

is a degree of the crime of assault with intent to rob, and, where evidence authorizes it, court should instruct on assault and battery.

2. Robbery—Where, Under Evidence, Defendants were Guilty of Assault with Intent to Rob, or Not Guilty at All, No Error to Refuse Instruction on Assault and Battery.—Where, under the evidence, defendants were either guilty of assault with intent to rob, or were not guilty at all, court did not err in refusing to instruct on assault and battery.

3. Robbery—Statute Providing Punishment for Robbery Held to be Still in Force.—Kentucky Statutes, section 1159, providing punishment for robbery, held still in force as against contention that there was no statute in force for punishing robbery, and hence could be no offense of assault with intent to rob.

4. Criminal Law—Witnesses—Statements Made by Defendants at Time of Their Arrest Inadmissible as Hearsay, and Defendants Could Not Bolster up Testimony at Trial by Showing Prior Statements.—In a prosecution for assault with intent to rob, statements and contentions made by defendants at time of arrest were inadmissible as hearsay, not being in nature of confession or declaration against interest, and defendants were not entitled to bolster up their testimony at trial by proof that they had made same statements immediately after their arrest.

5. Robbery—Evidence that Prosecuting Witness had Pistol in Car at Time of Arrest was Material, and Should Have Been Admitted. —In prosecution for assault with intent to rob, evidence for defendants that prosecuting witness had pistol in his car at time of arrest was material, and should have been admitted, in view of their contention that prosecuting witness had pistol and proposed swap with them when car stopped.

6. Witnesses—Defendants Entitled to Lay Foundation for Impeaching Prosecuting Witness, by Requiring Him to Answer Whether or Not he Denied Having Pistol.—In a prosecution for assault with intent to rob, where defendants contended that prosecuting witness had pistol in car, defendants should have been permitted to lay foundation for impeaching testimony of prosecuting witness, by requiring witness to answer whether or not he denied having pistol, and exclusion of evidence tending to impeach him was erroneous.

JOHNSON, LYTTLE & MORGAN for appellants.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellants were convicted of assault with intent to rob, and their punishment fixed at two years' confinement in the penitentiary.

The evidence of Arthur Arrington, the prosecuting witness, was to the effect that he was driving across the bridge near the town of Wallins when appellant, Rogers, flagged him down by waving a pistol. As he stopped, Rogers shot in front of the car through the bridge flooring. Rogers and Abner then stepped on the car with pistols drawn, and, after asking him if he had a pistol or any money, began to search his pockets. As they started to feel in his pockets he started the car. As appellants got off, or were thrown off, one of them fired a bullet through the windshield and another bullet through the rear casing. Later on, he told the police about it and appellants were arrested.

Henderson Webb testified that he was about forty yards away on the occasion in question, heard the racket going on, and, as the car started off pretty fast, two shots were fired.

Appellants testified that they met Arrington near the bridge. He approached them and asked them how they would swap pistols. Both Arrington and Rogers had their pistols out. While Arrington was handling Rogers' pistol it went off in the floor of the bridge. To avoid arrest all the parties got into the car and went up the pike together.

It is first insisted that the court erred in not instructing on assault and battery. It is true that a common assault and battery is a degree of the crime of assault with intent to rob, and that where the evidence authorizes it the court should instruct on assault and battery. Barnard v. Commonwealth, 94 Ky. 285, 22 S. W. 219. Here, however, the evidence for the Commonwealth is to the effect that appellants, with drawn pistols in their hands, began to search Arrington's pockets for money. On the other hand, appellants denied the assault and claimed that all the parties were merely engaged in an effort to swap pistols. Under this evidence appellants were either guilty of assault with intent to rob or were not guilty at all. Hence the court did not err in refusing to instruct on assault and battery.

Another insistence is that there is no longer in force any statute punishing the offense of robbery, and, therefore, none punishing the offense of assault with intent to rob. In support of this position we are referred to the case of Gibson v. Commonwealth, 204 Ky. 748, 265 S. W. 339, but that opinion has been withdrawn with the result that section 1159, Kentucky Statutes, is still in force.

Gibson v. Commonwealth, 209 Ky. 101, 272 S. W. 43; Commonwealth v. Reagan, 209 Ky. 393, 272 S. W. 889.

The further point is made that the court erred in excluding statements and contentions made by appellants at the time of their arrest. This evidence not being in the nature of a confession or admission or declaration against interest was pure hearsay, and appellants were not entitled to bolster up their testimony on the trial by proof that they made the same statements immediately after their arrest. However, it appears that when one of appellants testified that the prosecuting witness had a pistol in his car at the time of their arrest this evidence was excluded on motion of the Commonwealth. In view of the claim of appellants that the prosecuting witness had a pistol, and that he proposed a swap of pistols when the car was stopped, the excluded evidence was material and should have been admitted. Moreover, the court should have permitted appellants to lay the foundation for impeachment by requiring the prosecuting witness to answer whether or not he denied having a pistol. As the case depended on the credibility of the prosecuting witness, the exclusion of evidence tending to impeach him was prejudicial error.

For the reasons indicated the judgment is reversed and cause remanded for a new trial consistent with this opinion.