## Bryant v. Commonwealth.

(Decided October 1, 1929.)

A. F. BYRD, W. L. KASH and A. S. JOHNSON for appellant.

J. W. CAMMACK, Attorney General; G. H MITCHELL, Assistant Attorney General, and G C. ALLEN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Mitchell Bryant and the appellant, Clarence Bryant, brothers, were jointly indicted in the Breathitt circuit court charged with the offense of murder. Mitchell Bryant shot and killed Richard Herald, and the charge is that the appellant was guilty as an aider and abettor. This occurred in 1925. Mitchell Bryant was tried and convicted and his punishment fixed at confinement in the penitentiary for thirteen years. Upon an appeal to this court the judgment in his case was affirmed in the latter part of 1926, and the opinion is reported in 216 Ky. 724, 288 S. W. 680. The facts are fully stated in that opinion. The appellant was not placed on trial until about three years had elapsed after the trial of his brother. His trial resulted in his conviction of the offense of manslaughter, and his punishment was fixed at confinement in the penitentiary for two years. He has appealed.

It is first contended by appellant that he could not be convicted unless the jury believed from the evidence to the exclusion of a reasonable doubt that Mitchell Bryant had been so proven guilty of the unlawful killing of Richard Herald. The evidence on the trial of appellant was sufficient to authorize a conviction of Mitchell Bryant if he had been on trial. Whether appellant is right in his construction of the law governing such matters, therefore, is not material.

He contends that he could not be legally convicted unless there was evidence from which the jury might believe beyond a reasonable doubt that he was present and aided, advised, or encouraged Mitchell Bryant to kill Herald. In that he is correct. The evidence introduced by the commonwealth shows that about 30 minutes before the killing took place the appellant stated that he was going to whip Ed Herald, a brother of the man who was killed, and that if Dick Herald interfered he would kill him. The commonwealth introduced evidence that appellant was present when his brother, Mitchell Bryant,

approached the place of the tragedy, and that when he and Dick Herald became involved in the acts which led to the killing, the appellant said to his brother, in effect, that he should "stay with" Dick Herald. If appellant within 30 minutes before the killing said that he was going to engage in a fight with Ed Herald, and that he would kill Dick Herald if he interfered, the statement is persuasive that he was in a state of mind ready and willing to aid his brother when he appeared upon the scene with a pistol in his hand ready to engage in combat with Dick Herald, and when this statement is coupled with the statement testified to that he advised his brother to "stay with" Dick Herald, there was enough evidence to submit to the jury whether appellant aided and abetted his brother in the killing. It is true the evidence is not strong, but questions of fact are for the jury. The witness who testified to the conversation had with appellant about 30 minutes before the killing did not testify on the trial of Mitchell Bryant, and the other witness, or witnesses, who testified as to the statement made by appellant immediately before the killing did not so testify on the trial of Mitchell Bryant. These are circumstances casting doubt upon the verity of the statements, but the jury believed them, and we cannot assume the functions of a jury in such matters. The contention that appellant was entitled to a peremptory instruction, or that the verdict is not supported by sufficient evidence, must therefore be denied.

Another alleged error relates to the admission of incompetent evidence. It appears in proof that in getting before the jury the fact that Ed Herald and appellant had been engaged in a discussion a short time before the killing, the court allowed Ed Herald to state that appellant and he were talking about Herald's sister. The court would not allow the witness to state what the conversation was relating to the sister. The mere fact that the conversation related to the sister of Herald, without the introduction of the conversation itself, could not have been prejudicial to the substantial rights of appellant.

Another objection made by appellant to the ruling of the trial court on the evidence relates to his holding incompetent the answer of Mitchell Bryant to the question calling upon him to give the reason why he shot Dick Herald. His answer was: "Looked like it was time I was doing something if I wanted to live." The answer

was competent. Later on, however, the witness answered the same question in this language: "I saw he was a bigger man than I was, I couldn't fight him any other way, he had his pistol in his hand; I didn't see any other way, or I wouldn't have done it." Because of the admission of the answer just quoted, the error of the trial court in holding incompetent the first answer to the question was not prejudicial.

Another alleged error based upon the ruling of the court on the competency of evidence relates to the refusal of the court to allow appellant to prove that the widow and children of Dick Herald had pending a suit against Clarence Bryant to recover damages for the death of Dick Herald. It is insisted that, because this suit was pending and the commonwealth's attorney was representing the widow and children as counsel, this evidence was competent, as it tended to show an interest on the part of the commonwealth's attorney and some of the witnesses. Neither the widow nor any of the children of Dick Herald testified in the case, and neither did the commonwealth's attorney. Appellant relies on the case of Lack Malleable Iron Co. v. Graham, 147 Ky. 161, 143 S. W. 1016. In that case a physician testified about the nature of the injury to plaintiff. He was cross-examined as to whether his services had been compensated. It was urged in that case that the testimony of the physician should be disregarded, because it was shown that he looked to a recovery in the case for his fee. The court denied that contention, but held that the evidence as to his interest in the case might be made known by showing that he was expecting to collect his fee out of the proceeds of any judgment that might be obtained. The case is not in point, but would be in point if any of those who were interested in obtaining a judgment against appellant should have testified.

Appellant also relies on the case of Oldham v. Commonwealth, 136 Ky. 789, 125 S. W. 242. The court was considering a prosecution for malicious cutting, and held that it was admissible to show that the prosecuting witness had pending a civil suit for damages growing out of the cutting, as it tended to show bias on the part of the witness. The case is not in point. The contention that the rights of appellant were prejudiced by reason of the rulings of the trial court on the admission and rejection of evidence must be denied.

Another alleged error relied on by appellant is that the commonwealth's attorney, in his closing argument,

argued matters and things to the jury that were not in evidence. We have carefully examined the parts of the argument attacked as improper. The first statement made by the commonwealth's attorney in his argument which is objected to related to the statement of the witness Ed Herald that he did not speak to appellant when he saw him just before the killing. He had said, in effect, that when he did not like a fellow he did not speak to him. The commonwealth's attorney stated that he was unable to show where that feeling originated, that he attempted to do it, and an objection was interposed and sustained. The statement was true and not improper. We cannot import to the statement any meaning other than that expressed by the language used. Another statement objected to related to the purpose of Mitchell Bryant in coming to the place of the killing. After stating that Mitchell Bryant came upon the scene to help the appellant carry out his threat to kill Dick Herald if he interfered, he made this statement: "He says that Mitchell Bryant is not guilty. Well, I heard him say that once before. He said there was not enough evidence in this record to convict Mitchell Bryant for shooting Dick Herald's life away but that proposition is behind us." Doubtless he was referring to the statement of the able attorney representing appellant, but there is nothing in the statement of the commonwealth's attorney which could be construed as advising the jury that Mitchell Bryant had been convicted of shooting Dick Herald. It is true that the proposition was a matter of the past, and that is all that can be made out of the statement. The argument was probably made in response to the argument made by the attorney representing appellant, and as he still contends that there was not sufficient evidence to convict Mitchell Bryant, it is reasonable to suppose that he made the same argument before the jury. In another statement in his closing argument, the commonwealth's attorney commented on the fact that some of the witnesses had stated that Dick Herald had no pistol, while the attorney for appellant had said that he did. He had the right to argue proper deductions from the evidence of the commonwealth. In his conclusion to the jury the commonwealth's attorney advised them to acquit themselves as they swore they would do under the law and the testimony and be guided by that, and that the future of the country and its welfare and prosperity, as well as the security of the lives of the people, depended upon their so

acting. The argument was proper. The commonwealth's attorney appears to have kept himself within the rules prescribed by this court.

It is insisted that it was error to send the jury to its room to consider the case without any admonition on the part of the court other than to direct that they retire and make a verdict. The trial had been in progress for several days, and the orders show that the jury was repeatedly admonished; but they were not admonished when they were finally sent to the jury room. Section 246 of the Criminal Code places the duty on the trial court to admonish the jury that it is their duty not to permit anyone to speak to or communicate with them, on any subject connected with the trial, and that all attempts to do so should be immediately reported by them to the court, and that they should not converse among themselves on any subject connected with the trial, nor form or express any opinion thereon until the cause be finally submitted to them. This admonition must be given or referred to by the court at each adjournment. The admonition had been given as above stated more than once, and the others indicated that it was given before each adjournment. The case appears to have been argued and submitted to the jury on October 30, 1928. The order recites that the jury not having time to make a verdict on that day, it was admonished and placed in charge of the sheriff, who was sworn as the law directs. The next day the jury came into court in charge of the sheriff and took their seats in the jury box. They informed the court that they desired to make a verdict and returned into court the verdict fixing the punishment of appellant at two years in the penitentiary. The orders show that the jury was admonished before every adjournment. The bill of exceptions contains this statement: "After the argument of counsel to the jury was concluded, the jury was sent to the jury room in the courthouse by the court not in the custody of any sheriff and without any admonition on the part of the court except to retire and make a verdict, and before said jury had reported the judge of the court left the court room and the sheriff took the jury from the jury room out of the court room without any admonition having been given to said jury by the court."

Taking the bill of exceptions and the orders together, it is made to appear that after the jury retired to the jury room without admonition (none was necessary at the time), the sheriff took them out of the courtroom for

some purpose not disclosed, but there was no adjournment of court, as the order clearly shows that when the court adjourned over until the next day the jury was admonished. The failure of the court to admonish the jury upon its retiring to arrive at a verdict was not error. The provision of the Code requires only that the admonition must be given or referred to by the court at each adjournment.

Another alleged error is that the judge of the court was out of the courtroom and in a jury room with the door closed while the trial was still in progress. During that time appellant objected to a certain statement of the commonwealth's attorney during the argument, and the objection was not ruled on, because it was not brought to the attention of the judge. There is nothing in the record to show to what the objection related, and without that we are not in position to determine whether the failure of the trial judge to rule on the objection was prejudicial. It is true that this court said, in the case of Gray v. Commonwealth, 195 Ky. 307, 242 S. W. 8, that the trial judge should be present during the argument in a felony case and give attention to the argument. No one can doubt that it is highly important that the trial judge be present during the argument; but if he is called out of the courtroom for a brief space of time, and it is not shown that anything took place which was prejudicial to the rights of the person on trial, this court will not reverse the judgment because of his absence. It is impossible to have a perfect trial, and the insignificant things that have no effect on the verdict one way or the other should not be seized upon by this court as grounds for a reversal.

The last ground urged for reversal is that appellant has discovered evidence material in his behalf since the trial of the case. The witness Ance Gilbert stated that he had a conversation with appellant, in which appellant stated that he was going to whip Ed Herald, and if Dick Herald interfered he would kill him. This statement was denied by appellant. The witness for the commonwealth stated that Grover Holland, Charlie Gross, and John D. Turner were present when the statement was made. Eighteen days after the trial, appellant filed a supplmental motion for a new trial on the ground of newly discovered evidence, and in support of this motion he filed the affidavits of the three persons mentioned stat-

ing that they did not see appellant at the time testified about by the witness Ance Gilbert, and that they heard no such statement by appellant. At the time this testimony was introduced by the commonwealth, appellant knew that he had made no such statement, according to his testimony, and he knew the names of these persons that the witness testifying against him claimed were present. If he was surprised by this testimony and could not obtain the presence of these persons as witnesses in his behalf, it was his duty at the time to move for a continuance, or a recess, until he could obtain the presence of these persons as witnesses in his behalf. It is well settled in this jurisdiction that a party surprised cannot go on with the trial taking a chance for a favorable verdict, and after his chance has turned out unfortunately seek a new trial on the ground of newly discovered evidence or surprise. When the accused is surprised by the evidence, it is his duty to make it known to the court, and, by proper motion and showing of necessary facts, apply for a continuance, instead of electing to wait the result of the trial. If he had not known that these persons were present and thereafter had discovered that they were present and would testify in his behalf, he would appear in a different light on this appeal, but such is not the case. He took his chance on a favorable verdict without asking for a continuance or a recess, and it is too late to first raise the question on a motion for a new trial. Roberson's Criminal Law (2d Ed.) sec. 1961; Wolff v. Commonwealth, 211 Ky. 62, 276 S. W. 1067; Dennison v. Commonwealth, 198 Ky. 376, 248 S. W. 878; Overton v. Commonwealth, 202 Ky. 35, 258 S. W. 941.

Perceiving no error prejudicial to the substantial rights of the appellant, his contention that he did not have a fair trial cannot be sustained.

Judgment affirmed.