# Tomlinson v. Commonwealth.

(Decided Nov. 7, 1935.)

CHESTER D. SILVERS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE and RAY L. MURPHY, Assistant Attorneys General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

John Tomlinson appeals from a judgment convicting him of aiding and abetting an assault upon another with an offensive weapon with the intent to rob, and fixing his punishment at 21 years' imprisonment.

According to the prosecuting witness, Grandison Glasscock, the crime was committed in the following circumstances: He was in the employ of the C. N. O. & T. P. Railway Company as a telegrapher, and his place of business was at the D. V. Tower at the Perryville crossing in the city of Danville. About 11:10 p. m. December 27, 1934, he left the tower, and as he crossed over the intersection of Fifth street with Main street in front of the Texaco Oil Station an automobile with three men in it drove up to the curb and asked the direction to Lexington. He told them that they were on the Lexington road, provided they wanted to go through Harrodsburg. They replied that they did not want to go that way, but wanted to go through Camp Nelson. He told them to go back two blocks and follow highway No. 34 to the intersection with highway No. 27. At that point the two men sitting to the right of the driver got out with pistols and told him to get in. He started to break away from them, but one of them stuck his gun in his ribs and told him if he did not want to get killed to do what they told him to do, and do it quickly. They folded the seat, placed a gun in his side, and forced him into the rear seat of the automobile. They then took him about a mile down the Gentry lane, off the Harrodsburg road, turned the automobile around, headed toward the highway, and put him on the bank against a walnut tree. One of the men held a gun to his back while the other one went through his pockets "and relieved me of my money." One of the men put a pistol between his shoulders and told him to walk, and if he turned back or reported they would kill him. He walked on until the automobile started and got over the hill, and he then turned and walked back to Danville. Afterward he went to Lexington on the invitation of the police and identified appellant as the driver of the car. Also at the trial he looked at appellant and said that he was the man who was driving the car the night he was robbed, and the man that asked the direction and did the talking when the car drove up to the curb. On cross-examina-

tion he stated that the driver of the car had on a gray cap and a gray suit of clothes, and never had any glasses on. He further stated that the driver never got out of the car, and did not open the door to the car, and that he did no more talking after the witness got into the car. According to R. K. Crain, the jailer, appellant did not have on glasses when first committed to his care, but put them on later when his mother sent them to him.

According to appellant and his mother, he was at her home on the night of December 27, 1934. However, he says that on the night of December 28, two men drove up to the curb in front of the opera house in Lexington about 9:30 and asked him to go with them and get some whisky. They got the whisky, one quart, and drove down the Harrodsburg pike. After consuming nearly all the whisky, appellant did not know what took place after he left Harrodsburg. They might have gone through Danville, but the next place he remembered after being in Harrodsburg was a tunnel, where they stopped to pay toll.

Formerly the punishment for an assault with an offensive weapon with intent to rob was not less than 5 nor more than 20 years' confinement in the penitentiary, section 1160, Kentucky Statutes 1930, but that section was amended by chapter 50, Acts 1934, now section 1160, Kentucky Statutes, Baldwin's 1934 Supplement, and the punishment is now 21 years, or for life, or by death, in the discretion of the jury. Moreover, the statute is not unconstitutional as inflicting cruel punishment. Crutchfield v. Commonwealth, 248 Ky. 704, 59 S. W. (2d) 983.

The indictment charged appellant with aiding and abetting others in an unlawful and malicious assault upon Grandison Glasscock with an offensive weapon with intent to rob and commit robbery upon him by pointing a pistol at him and putting him in fear, and "robbing him of about $3.00 of lawful money of the United States which was of value against his will and without his consent." The only reference to any money was Glasscock's statement "and relieved me of my money." It is argued that there is a variance between the allegation of the indictment and the proof, and practically no evidence to sustain the charge of robbery. The gist of the offense with which appellant was charged with aiding and abetting was an assault with intent to rob. To prove that offense it is not necessary to show

actual robbery, though such evidence is always admissible. Herron v. Commonwealth, 247 Ky. 220, 56 S. W. (2d) 974. In the circumstances it is wholly immaterial that the commonwealth did not prove the taking of the sum alleged in the indictment, and the use of the expression "relieved me of my money" was in no sense a variance.

Another contention is that the circuit court was without jurisdiction to try appellant for the reason that he was only 16 years of age when the crime was committed and the case had not been transferred to the circuit court by the county court, and the jury's finding that he was 17 years of age at that time was flagrantly against the evidence. The crime was committed December 27, 1934. Both appellant and his mother testified that he was then only 16 years of age, and would not be 17 until November 29, 1935. On the other hand, two witnesses testified that appellant stated in their presence that he was 17 years of age. Appellant's statement was admissible not merely for the purpose of contradiction, but as substantive evidence, and, as he was present in court and the jury had the opportunity of observing him, we conclude that the question of his age was one for the jury, and that its finding is not flagrantly against the evidence.

The further point is made that the court should have given an instruction on drunkenness or assault and battery. The uncontradicted evidence shows that the crime was committed on the night of December 27, 1934. Appellant and his mother both say that he was at home that night. In other words, his defense is an alibi. It is true that he testified that on the night of December 28, he and his companions drank some whisky, that he drove with them as far as Harrodsburg, and remembered nothing that occurred thereafter, but it is not claimed that he was drunk on the night the crime was committed, and his evidence that he was drunk on another occasion did not require the giving of a specific instruction on drunkenness.

It is true that common assault is a degree of the crime of assault with intent to rob, and that an instruction thereon should be given when authorized by the evidence, Abner v. Commonwealth, 210 Ky. 536, 276 S. W. 513; but no such case is presented. Glasscock, the person assaulted, was an eyewitness to the assault. No

previous enmity or hostility between him and his assailants was shown. Nothing occurred at the time of the assault to indicate that it was the result of anger or resentment then or previously aroused. On the contrary, the robbery was actually consummated, and where that is the case the failure to instruct on simple assault is not error. Murphy v. Commonwealth, 255 Ky. 676, 75 S. W. (2d) 341; Herron v. Commonwealth, supra.

On the whole, we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.