## Blanton v. Commonwealth.
### (Decided Feb. 18, 1936.)

BENTON & DAVIS for appellant.

B. M. VINCENT, Attorney General, and GUY H. HERDMAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Isaac Blanton appeals from a 21-year sentence for an assault with an offensive weapon with intent to rob.

According to the prosecuting witness, A. K. Gross, he was in Winchester with his truck on March 2, 1935. Between 6 and 7 p. m. he and appellant were in the Nu-Way Restaurant. They drank some beer together, and in paying for it Gross displayed some seven or eight dollars he had in his pocket. In company with appellant, Gross left the restaurant and started to the place where his truck was parked. Some woman followed Gross and ran her hand into his pocket for the purpose of taking his wallet. Gross was talking loud and attracted the attention of the police, who after a few inquiries told him to get in his truck and go home. Gross, accompanied by his cousin, Chester Gross, and appel-

lant, got into the truck and drove north on Main street. While Gross was in the act of turning the truck around appellant turned the ignition key and said: "Don't go back right now." Gross replied, "I got to go." Chester Gross left and returned to the restaurant. Appellant left and said, "I've got to get a package of cigarettes." Gross then cranked his truck, and on returning to his seat appellant appeared with two others on the running board, drew a pistol on him and told him to give that money up. Appellant struck Gross with the butt end of the pistol on the head, knocking him down once, and nearly down a second time. Appellant then ran his hand into Gross' pocket, but missed his pocketbook. Gross held on to the money, got away from his assailants, and went down to the restaurant. A physician who examined him testified that Gross had two wounds on the back of his head and that he was "pretty badly cut." The physician and the three policemen who saw Gross before and after his injuries testified that he was sober.

On the other hand, appellant's version of the difficulty is in brief as follows: After the police had told Gross to get on his truck and leave town, he got on the truck with Gross and they drove up Main street across both railroads. Gross said, "We will stay up here about 30 or 45 minutes until the law gets back to the other end of town so the law won't bother me." While there, Gross began looking for cigarettes, and not finding any, asked appellant for a cigarette. Appellant had none, and Gross said, "Let's get us a package, but we can't go back down to the restaurant, the law will get us." Appellant said, "Mr. Lykins' store is up here, we will go up there and get a package of cigarettes." After going up there and getting the cigarettes, they started back to the truck. Gross said, "You are going to buy a pint of whiskey, ain't you?" Appellant said, "No, I don't need no whiskey." Gross said, "Well, I have already bought two and drunk two, you have helped drink up my whiskey, you are going to buy a pint of whiskey." Appellant said, "I ain't got the money, I ain't got but 55 or 60 cents, all I could buy would be a pint of moonshine." Gross said, "You are just a cheap skate," grabbed appellant in the collar and necktie, and commenced fighting him, and appellant began fighting back at him. Appellant did not know

whether he knocked Gross back on the truck, but the holds broke loose and Gross fell back toward the truck.

It is at once apparent that the evidence was sufficient not only to take the case to the jury, but to sustain the verdict.

The only ground urged for reversal is the giving of the following instruction:

> "If the jury believe from the evidence, beyond a reasonable doubt, that in Clark county within one year before the finding of the indictment, the defendant unlawfully and wilfully committed an assault upon the person of A. K. Gross, and thereby inflicted any wounds upon his person, and at a time when it did not reasonably appear to him to be necessary, as explained in the III instruction, and further so believe that such assault, if any, was not made with the felonious and malicious intent to rob Gross, the jury will find the defendant guilty of assault and battery."

The particular complaint of the instruction is the use of the words "and further so believe that such assault, if any was not made with the felonious and malicious intent to rob Gross, the jury will find the defendant guilty of assault and battery." The argument is that the words "so believe" refer to the words "beyond a reasonable doubt" in the first part of the instruction and therefore required the jury in order to reduce the offense to assault and battery to believe from the evidence beyond a reasonable doubt that the assault was not made with the felonious intent to rob Gross, thus placing the burden on appellant. Of course the first part of the instruction is correct, for there being evidence tending to show that there was no intent to rob, an instruction on assault and battery was authorized, and before a conviction could be had for that offense it was necessary for the jury to believe from the evidence beyond a reasonable doubt the essential facts constituting that offense. Little v. Com., 246 Ky. 805, 56 S. W. (2d) 526. While it may be that the words "so believe" in the latter part of the instruction are technically incorrect, we are not disposed to hold that they were prejudicial. By instruction No. 1 the jury were required to believe from the evidence beyond a reasonable doubt the facts necessary to constitute the crime

of assault with intent to rob before they could convict appellant of that crime. Not only so, but the court told the jury in substance that if the defendant had not been proven guilty beyond a reasonable doubt they should find him not guilty, and if they found that he had been proven guilty beyond a reasonable doubt, but entertained a reasonable doubt as to whether he had been proven guilty of assault with intent to rob as defined in the first instruction, or guilty of assault and battery, they should find him guilty of assault and battery, the lesser degree of the offense. These instructions make it plain that the burden of proving appellant's guilt of assault with intent to rob beyond a reasonable doubt was upon the commonwealth, and exclude the theory that the words ''so believe'' were calculated to mislead the jury into believing that the burden was on appellant.

On the whole, we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.