## Helton v. Commonwealth.

Nov. 6, 1940.

Chester A. Bach, Judge.

Walter R. Prater for appellant.

Hubert Meredith, Attorney General, and W. O. Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The grand jury of Magoffin county returned an indictment against Woodrow Helton charging him with the crime of unlawfully and maliciously assaulting Coy Ham with an offensive weapon with intent to rob him of money and other things of value, a crime defined by Section 1160 of the Kentucky Statutes. Helton was tried and convicted, and his punishment fixed at imprisonment in the state penitentiary for a term of two years The sole ground relied upon for reversal of the judgment is an alleged error in the instruction on assault and battery.

Instruction No. 1 was based on Section 1160, Kentucky Statutes, and the court told the jury that if it found the defendant guilty under this instruction to fix his punishment "by confinement in the state penitentiary for twenty-one years or for life, or by death" in its discretion. Instruction No. 2 was on robbery, the punishment for which is fixed by Section 1159 of the

Kentucky Statutes. The court told the jury that if it found the defendant guilty under this instruction to fix his punishment "at confinement in the penitentiary for a period of not less than two nor more than ten years." Instruction No. 3 was on assault and battery. No complaint is made of this instruction except the concluding part which provided for the fixing of the punishment. This part reads: "And fix his punishment by a fine in any sum in your reasonable discretion or by imprisonment for any length of time in your reasonable discretion or by both fine and imprisonment in your reasonable discretion." The verdict returned by the jury reads: "We the jury do agree and find the defendant guilty and fix his punishment at two years in the state prison." It will be noted that the instruction on assault and battery failed to advise the jury that if it found him guilty under this instruction that his imprisonment should be in the county jail. In instructions Nos. 1 and 2 the jury was told that if it found the defendant guilty it should fix his punishment at confinement in the state penitentiary. It is impossible to determine from the verdict whether the jury found the defendant guilty under instruction No. 2 or instruction No. 3, since, under both instructions, it was authorized to fix his punishment at imprisonment for a term of two years.

The evidence for the Commonwealth tended to show that appellant assaulted Ham with an iron pipe and then robbed him of $2.22. Appellant denied the robbery, but admitted the assault with the iron pipe. He testified that he and Ham engaged in a difficulty over some whisky, and that he struck Ham in his necessary self-defense. Assault and battery being a degree of the crime of assault with intent to rob, an instruction on the misdemeanor should be given when authorized by the evidence. Reed v. Com., 281 Ky. 189, 135 S. W. (2d) 867; Blanton v. Com., 265 Ky. 173, 96 S. W. (2d) 440; Little v. Com., 246 Ky. 805, 56 S. W. (2d) 526. Here the evidence authorized an instruction on assault and battery, but we think the failure of the instruction to advise the jury that it had the right to return a verdict fixing the defendant's punishment at imprisonment in the county jail was prejudicially erroneous.

In Cornett v. Com., 282 Ky. 322, 138 S. W. (2d) 492, 494, the accused was convicted of manslaughter and his punishment fixed at confinement in the penitentiary

for two years. An instruction on involuntary manslaughter was given which contained these words: "And fix his punishment by imprisonment in the reasonable discretion." The jury's verdict read: "We the jury do agree and find defendant guilty and fix his punishment at two years in the State Reformatory." Involuntary manslaughter is a common law misdemeanor, and the punishment is a fine in any sum or imprisonment in the county jail for any length of time, or both such fine and imprisonment. It was held that the instruction on involuntary manslaughter was prejudicially erroneous and the judgment was reversed. In the course of the opinion it was said:

> "It is impossible to determine from the record before us whether the jury convicted defendant of voluntary or involuntary manslaughter, since from the instructions the jury might have thought it could fix defendant's punishment at confinement in the penitentiary though he were found guilty only of involuntary manslaughter. Therefore, it cannot be said the court's error in not correctly defining the punishment under the involuntary manslaughter instruction was not prejudicial to defendant."

That case is conclusive of the question before us.

The judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.