## Chadwell v. Commonwealth.

September 23, 1947.

J. S. Forester, Judge.

Floyd Taylor for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant, Esco Pike, and Huston Sutton were charged with assault with an offensive weapon, with intent to commit robbery and robbing. KRS 433.150. On severance the Commonwealth elected to try appellant, the jury returning a verdict of guilty, fixing the penalty at imprisonment for twenty-one years.

Appellant contends that (1) the court erred in not granting a continuance; (2) in permitting introduction of incompetent evidence; (3) in failing to give all the law of the case; (4) in failing to advise the jury of the effect of impeaching evidence; (5) in allowing the Commonwealth's attorney to make improper remarks in argument. Lastly (6) that the verdict was contrary to the law and the evidence.

In substance, Snodgrass, 68 years of age, a resident of Virginia, testified that he had some tobacco and came to Middlesboro on January 29, 1947, to sell his tobacco in the Tazwell warehouse. Around 4 p. m. he was at a beer joint drinking beer. Later he left to go to another place where witness drank another bottle of beer, and appellant drank some whiskey from a bottle which he had. He left the Ball place and went toward the bus terminal, and Chadwell followed him. He had not gone far when appellant's codefendants appeared, and the three dragged him into a dark street or alley. According to his testimony the three gave him a beating and took from him his watch, billfold containing about $35, and other articles.

Snodgrass identified appellant as being one of the three who had robbed him, and said that appellant, one of the trio, was the person who struck him, he thought, with a bottle. When he reported to the police his face was lacerated and his clothing spotted with blood. The police, from a description given by Snodgrass, arrested

Chadwell and Pike two or three hours later, and on the latter's person found the watch and billfold, but no money on either of the two. Snodgrass says that as they were on the way to the terminal appellant wanted him to go through the alley, and it was just after they passed it that the three grabbed him and forced him back into the alley.

A woman who was a dishwasher in a restaurant said that some time that night Pike and Chadwell came into the kitchen and asked to be allowed to wash their hands, and she turned the water on and gave one of them soap. She said they had blood on their hands, and one some blood on his coat. The officers arrested both as they came from the kitchen. Sutton, a codefendant, testified for the Commonwealth that Chadwell engaged in the robbery.

Appellant denied any part in the robbery. He said that he had met Snodgrass in the restaurant, when Snodgrass drank beer and he drank whiskey. The old man said he wanted to go to "Tim's Place," and appellant agreed to show him the way, and they started out and had not gone very far when two persons, whom he did not appear to know, grabbed him and the old man; one of the two searched him and found nothing, and he left. He said he did not grab, strike or assist in robbing Snodgrass.

Taking up the first complaint, (6) it is only necessary to say that our recital makes it clear that there was sufficient evidence to take the case to the jury, and to support the verdict. Whether the verdict was contrary to the law will be discussed later. Appellant's contention that the court erred in refusing to grant him a continuance (Ground 1) needs no discussion, since our conclusion is that on the whole case the judgment must be reversed. Ground (5) relates to the alleged improper statements of the Commonwealth's attorney, to which appellant objected.

The transcript shows that appellant desired to introduce four witnesses to testify in his behalf, who were absent. The Commonwealth's attorney had agreed, prior to proof for appellant, that if the four witnesses, each of whom he named in his argument, "were present and sworn, they would truthfully state that Sutton (a wit-

ness jointly indicted and who testified for the Commonwealth) had said to them, or in their presence, that the defendant Chadwell didn't have anything to do with robbing old man Snodgrass, and that he was promised probation if he would "testify against Chadwell."

In his closing argument counsel for the Commonwealth said, referring to the four witnesses by name, "They have all been convicted, some of them in this court, and one for the same offense, armed robbery, and sentenced to 21 years in the State Reformatory." This positive statement by counsel amounted to an impeachment of these witnesses in a manner not authorized by the Code provision, and since there was no effort to show by proof that any one of the four had been convicted this was error and should not occur on another trial.

Grounds (2) and (4) relate to the introduction of incompetent evidence and the failure of the court to admonish the jury as to the effect of the evidence which was of impeaching character. The Commonwealth introduced in direct testimony the clerk of the court, who by his record showed that appellant had theretofore been convicted of a felony. The clerk did not know Chadwell, so another witness was introduced to identify him as being the same person. Objections were interposed, and counsel for appellant moved to exclude the testimony because it was introduced as substantive evidence, and should go only to the credibility of the appellant as a witness.

The court then made this ruling: "Members of the Jury, the Commonwealth's attorney introduced the clerk and Cecil Grubbs, and the clerk read an order convicting the defendant and he was given 21 years. That will be competent if he testifies, unless he denies it, if he does deny it; if he does not testify you will not consider it for any purpose." The court failed to admonish the jury that the effect of the testimony went only to the credibility of the witness.

This testimony was competent if it had been introduced in the proper manner. This procedure in the light of the ruling of the court operated to the prejudice of appellant. The fact that he admitted the conviction,

followed by the statement that he had been pardoned, did not correct the error.

Appellants' final contention is that the court should have instructed on the offense of robbery and assault. This argument, or the first, is based on the fact that there was insufficient showing of the use of an offensive weapon, in committing the robbery. The testimony as to the use and character of the weapon or instrument, if any used, is so vague and uncertain that we are of the opinion that there is merit on this contention. There can be little doubt but that Snodgrass was dragged into the alley; knocked to the ground and rather severely beaten. The only mention of a weapon or instrument, offensive or otherwise, was in answer to the question: "What did they use, if anything, in robbing you? Ans. A bottle I guess." It is noticeable that Sutton, one of the trio charged, and who testified against Chadwell, was not asked concerning the use of any weapon or instrument. He only said when asked, "Who robbed this old man?" "All three of us robbed him."

In view of the vagueness and uncertainty of the testimony we are of the opinion that the court should have instructed on common-law robbery. It is impossible to tell just what the proof as to the use of an offensive weapon or instrument will be, or how it may be developed. The instruction as given by the court properly presents the law with respect to the use of an offensive weapon with intent etc. However, as developed on the trial, it was such as to entitle the accused to the instruction on robbery.

We have held in some cases that an instruction on assault was proper in cases where the proof justified such an instruction. Tomlinson v. Com., 261 Ky. 186, 87 S. W. 2d 376. However, under the facts here presented appellant was not entitled to an instruction on assault. Murphy v. Com., 255 Ky. 676, 75 S. W. 2d 341; Reed v. Com., 281 Ky. 189, 135 S. W. 2d 867.

Because of the errors pointed out the judgment is reversed for new trial consistent with this opinion.