**Carlo DAVIDSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 3, 1955.

T. T. Burchell, Manchester, Isaac Turner, Hyden, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Carlo Davidson, was jointly indicted with Taylor Sizemore, David Brewer and Robert Davidson under KRS 433.150 and charged with the armed robbery of Jim Eversole. At a separate trial of appellant, he was convicted and sentenced to 21 years' confinement in the penitentiary.

Evidence for the Commonwealth given by the chief prosecuting witness will be summarized. Eversole was 54 years old

and lived on Otter Creek in Clay County. On the night of May 16, 1954, after he had gone to bed, he responded to a knock on his door and recognized David Brewer who told him that he had come from Richmond, Indiana, with Eversole's son. He said that while in Manchester, his son had been arrested for speeding and was then in jail. Eversole dressed and he and Brewer went out to the car and got in. Eversole sat beside Carlo Davidson who was driving. In the car, in addition to Davidson and Brewer, was a man named Taylor Sizemore whom Eversole recognized and with whom he had on occasion worked for a period of about 20 years. The car proceeded down the road for about a quarter of a mile when Davidson put out the lights on the car. Eversole said: "About that time two licks hit me. I seen then I was in the wrong bunch and a thought come to me to get out. I got out, I was getting awful bloody by that time. So I gets out and over in the ditchline. I was about knocked out by that time. I gets over in the ditchline and kindly props myself up against the back. Here comes Tay Sizemore with this big club. I didn't see it in the car but here he come with a club about this long (ind.)."

Eversole then testified that he fought with Sizemore and made an unsuccessful attempt to get his knife when Carlo Davidson and David Brewer got out of the car and grabbed him. He testified:

"Q. Who held you? A. Carlo Davidson and David Brewer. I said, 'Boys, I ain't got nothing for you to take.' Tay said to them, 'Go through his rags.' And they did. Carlo Davidson and David Brewer both went through my rags.

"Q. Did they find anything on you? A. No sir. They didn't get nothing. They got my hat or it was gone.

"Q. How much was it worth? A. Four or five dollars. It was a swan hat."

Eversole also testified that on occasion he carried considerable money on his person and that Sizemore was aware of the fact.

Appellant Davidson testified: "We was riding down this highway coming from the highway leading from Hyden to Manchester and Taylor Sizemore had had a little whiskey, but not enough to satisfy himself. He offered David Brewer some, he refused to take it and he offered me some and I refused it. I don't know if David drank or not, but I refused it. He keep wanting to go back towards Leslie County to get whiskey. We didn't want to go back so he said, 'I know where I could get some up Otter Creek.'" He related that they picked up Eversole and then testified: "Sizemore got out of the back of the car and he started beating the man with the stick he had. I didn't know where it come from. I thought he picked it up as he got out. He was beating this old man and this man got in his pocket and tried to get a knife. Sizemore hollered and said, 'Boys, he's got a knife on me.' David got out of the car and got the man by the wrist and made him drop the knife. He did not hit the man. The man was only hit by one man. I was excited and I told them to get in and go. I said, 'If you don't get in right now I will leave you.' I have a hydraloch car and my head lights were on. When the car started to move David jumped in by me and that left one man with the old man. He got in the car too when we went down the road. I said, 'What's the matter, are you drunk or crazy'? That's all that was said. When we got to the forks of the road I blowed the horn and my brother got in the car and we drove off."

And:

"Q. Did you, Sizemore and Mr. Brewer have it made up before you got there to go up there and rob Mr. Eversole? A. Certainly not.

"Q. Did you ever talk about it? A. No, in no way whatsoever."

David Brewer testified that he told Eversole the story of his (Eversole's) son being in jail in order to conceal from Eversole's wife the true purpose of the visit—to purchase whiskey. Brewer also testified that Carlo Davidson did not have anything to do with the commission of the crime.

From the foregoing résumé, it may be seen that appellant's defense was that the assault was unpremeditated and arose suddenly when Taylor Sizemore attacked the complaining witness, that appellant was little more than an innocent bystander to the affray which, at most, was simple assault and battery, devoid of any attempt, conceived either before or after the incident, to rob Eversole. The proof as to the taking of anything of value is equally unsatisfactory when we look to all the evidence introduced. The hat, which Eversole states was gone when they left him, was knocked from his head during the original scuffle in the car and apparently remained in the car when they drove off.

The case was submitted to the jury under the following instruction:

"If the jury believe from all the evidence in this case to the exclusion of a reasonable doubt that the defendant, Carlo Davidson, in Clay County, Kentucky and on the 16th day of May, 1954, and before the finding of the indictment herein, did with an offensive weapon, as described in the evidence, maliciously assault Jim Eversole or by any forcible and violent manner demand any money or thing of value with the felonious intent to then and there rob the said Jim Eversole, then the jury should find the defendant guilty as charged in the indictment and fix his punishment at confinement in the State Reformatory for 21 years, or at life or at death in your reasonable discretion,"

but no instruction was given on assault and battery. We believe one was required in this case.

We have held in some cases that an instruction on assault is not necessary in every prosecution involving an assault with an offensive weapon. See Chadwell v. Commonwealth, 305 Ky. 422, 204 S.W.2d 577, and cases cited therein. On the other hand, we have held, when the evidence justifies it, that an instruction on assault and battery should be given.

In Blanton v. Commonwealth, 265 Ky. 173, 96 S.W.2d 440, it was held in a prosecution for assault with intent to rob, an instruction on assault and battery was authorized where there was evidence tending to show there was no intent to rob. See Tomlinson v. Commonwealth, 261 Ky. 186, 87 S.W.2d 376.

In the case at bar, appellant's whole defense was predicated on the idea that there was no intent to rob on the part of anyone and this theory of defense was not submitted by any instruction. Such an instruction should have been given.

The judgment is therefore reversed.