Oscar **WATKINS** and Walter Baker, Jr., Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 17, 1956.

Redwine & Redwine, Winchester, M. E. Strange, Stanton, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

The appellants, Oscar Watkins and Walter Baker, Jr., were convicted of the crime of robbery and sententenced to prison for a term of two years. KRS 433.120. Both appellants seek reversal of the judgment on the grounds that the court erred: (1) in overruling the demurrer to the indictment; (2) in overruling appellants' motion for a directed verdict of acquittal; (3) in allowing two witnesses subpoenaed by the Commonwealth to testify who had remained in the courtroom during the trial; (4) in making improper and prejudicial remarks to the jury; and (5) in failing to instruct the jury on the whole law of the case.

The first question raised is the sufficiency of the indictment. The appellants contend that the indictment was demurrable because it did not charge that the victim of the alleged robbery was "put in fear." The indictment, in pertinent part, charges that appellants unlawfully and feloniously committed robbery with force and violence and against the will of the party robbed. Robbery has been defined as the felonious taking of property from the person of another by force. Breckinridge v. Commonwealth, 97 Ky. 267, 30 S.W. 634. The taking must be by violence, or by putting the owner in fear, but both of these circumstances need not be alleged. Blanton v. Commonwealth, 58 S.W. 422, 22 Ky. Law Rep. 515; Williams v. Commonwealth, 50 S.W. 240, 20 Ky.Law Rep. 1850. Under the rule announced in the above cited cases, the indictment is sufficient. Also see, Roberson's New Kentucky Criminal Law, Second Edition, Section 616, page 822.

In considering appellants' second ground for reversal we have decided it would serve no useful purpose to relate the evidence in detail. In substance, the testimony offered in behalf of the Commonwealth revealed that during the morning of July 4, 1954, following an overnight drinking party in which the appellants and J. W. Ingram, Jr., and several women had participated, the appellants slugged and robbed Ingram. The appellants admit that they had a fight with Ingram, but deny that they robbed him. Each appellant testified that Ingram was drunk and unruly and other evidence supports that particular statement. Under the conflicting testimony, the question of their guilt or innocence of the offense charged was for the jury to determine. Newsome v. Commonwealth, 240 Ky. 333, 42 S.W.2d 306; Bryant v. Commonwealth, 231 Ky. 152, 21 S.W.2d 231; Stewart v. Commonwealth, 225 Ky. 731, 9 S.W.2d 1087.

Appellants next urge that the court committed prejudicial error in permitting a state patrolman to testify who had remained in the courtroom during trial with consent of the court. A similar contention is raised concerning another witness who remained in the courtroom after he had given his direct testimony, but who was recalled as a witness in rebuttal. The alleged error is not available to the appellants as a ground for reversal of the judgment, because it was not relied on by them in their motion and grounds for a new trial. McGee v. Commonwealth, 246 Ky. 445, 55 S.W.2d 382; Whitson v. Commonwealth, 197 Ky. 745, 247 S.W. 979. However, we gratuitously say, had the objection been properly saved, we would find no abuse of discretion on the part of the court in permitting the witnesses who had remained in the courtroom to testify. See, White v. Commonwealth, 301 Ky. 228, 191 S.W.2d 244; Robertson v. Commonwealth, 275 Ky. 8, 120 S.W.2d 680.

Appellants further urge that an improper and prejudicial question was asked by the court of the witness Paul Combs. While this witness was being interrogated by

the Commonwealth's Attorney concerning the name of the county wherein the offense allegedly occurred, the court interposed this question: "Mr. Combs, the place shown to you by Ingram, where he had been robbed and beaten up, was that in Powell County, or what?" The witness replied: "It was in Powell County, Sir." Obviously, the court was referring to the place where the prosecuting witness claimed he was robbed. However, this alleged error is not reviewable because no objection was made to the question, nor was there a motion made to discharge the jury and to continue the case. Under the state of the record we must assume that appellants waived the objection they now seek to invoke. Coe v. Commonwealth, 299 Ky. 360, 185 S.W.2d 533; Nelson v. Commonwealth, 297 Ky. 189, 179 S.W. 2d 445.

It is further urged that the court erred in failing to give an instruction upon the offense of assault and battery. We have no fixed rule with respect to when this instruction should or should not be given. It has been held that common assault and battery is a degree of the crime of *assault with intent to rob.* Abner v. Commonwealth, 210 Ky. 536, 276 S.W. 513. The theory that such an offense is a degree of the crime has been carried over into our robbery and armed robbery cases. A determining factor is the nature of the defense.

■ Our research indicates that there are three types of cases in which, as a general rule, because the assault is merged in the greater crime, an instruction on assault and battery need *not* be given. They are:

1. When the prosecuting witness testifies positively that an actual robbery has been committed (some cases say "if the robbery has in effect been consummated") and there is no contradictory evidence on that issue. Murphy v. Commonwealth, 255 Ky. 676, 75 S.W.2d 341. This includes those cases where the defendant fails to introduce any proof. Reed v. Commonwealth, 281 Ky. 189, 135 S.W.2d 867.

2. When the defendant asserts an alibi and denies his presence at the time and place of the alleged crime. Herron v. Commonwealth, 247 Ky. 220, 56 S.W.2d 974; Tomlinson v. Commonwealth, 261 Ky. 186, 87 S.W.2d 376.

3. When the defendant admits his presence at the time and place of the alleged crime but denies that any criminal act was committed. Abner v. Commonwealth, 210 Ky. 536, 276 S.W. 513; Chadwell v. Commonwealth, 305 Ky. 422, 204 S.W.2d 577. Little v. Commonwealth, 246 Ky. 805, 56 S.W.2d 526 seems to be somewhat inconsistent with the foregoing cases.

■ On the other hand, we have recognized two types of cases in which, as a general rule, the assault and battery instruction *should be given.* They are:

A. When the defendant admits the taking of something from the prosecuting witness but denies felonious intent. Southerland v. Commonwealth, 217 Ky. 94, 288 S.W. 1051; Lunce v. Commonwealth, 232 Ky. 214, 22 S.W.2d 629.

B. When the defendant admits his presence when an assault takes place but shows a reason for the assault other than robbery as the motive. Blanton v. Commonwealth, 265 Ky. 173, 96 S.W.2d 440; Helton v. Commonwealth, 284 Ky. 326, 144 S.W.2d 805; Davidson v. Commonwealth, Ky., 280 S.W.2d 216.

■ We are of the opinion that the facts in this case bring it within the category set forth as "B" above. It is quite similar to the Davidson case, last above cited. The defendants were entitled to an instruction on the lesser offense of assault and battery, which the jury would have been justified in believing took place independently of the alleged robbery. For the failure to give this instruction, the judgment must be reversed.

The judgment is reversed.