**Johnnie Wayne EGAN and William D. Brown, Jr., Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1969.

James A. Nolan, Ware, Bryson, Nolan & West, Covington, for appellants.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

This is an appeal from a judgment convicting appellants of the crime of robbery without the use of a deadly weapon (KRS 433.120), under which they were each meted five years in prison.

A reversal is sought on the grounds that the trial court erred (1) in refusing to give an instruction on assault and battery, and (2) in admitting incompetent evidence (a ring). Appellants say also their conviction was "based, at least in part, on unlawfully obtained evidence."

The principal prosecution witness, Virgil Huddleston, testified that on January 17, 1968, he and appellants became acquainted in Cincinnati, Ohio, where they ate, drank and tarried in various taverns. From thence, they sojourned to Covington, Kentucky, where they visited a "cafe" and consumed more beer; that the three of them went out into a parking lot where appellant Egan "stuck a little gun" in Huddleston's ribs and said: "OK let's have it;" that shortly, "the little guy on this side hit" him "with something;" that then they "went through" his pockets and "took" his "billfold and money."

Appellants rely on Watkins v. Commonwealth, Ky., 287 S.W.2d 416, 58 A.L.R.2d 804, in support of their argument that they

were entitled to an assault and battery instruction.

Appellants' theory of the case is stated in the following testimony of appellant Egan:

"* * * We walked out of the Kentucky Club and went down the street. We was about a block and a half down the street when Mr. Huddleston said, one of you have got my wallet. We denied it. He said, I know one of you— he said I know one of you have my wallet. We denied it again. He started using profanity. He said, if you don't give me my wallet, I will blow out your brains. He reached in pocket and Mr. Brown hit him. When Mr. Brown hit him, I began to run and then Mr. Brown ran."

However, the Commonwealth's version of the case does not determine and limit the instructions to which defendants are entitled.

Here the defense was that appellants admit their presence when the "assault took place but show a reason for the assault other than robbery as the motive" (apparently self-defense). This defense fits condition "B" enumerated in *Watkins, supra*, as one of two situations in which defendants are entitled to an assault and battery instruction.

Under the authority of *Watkins, supra*, and cases therein cited, we think appellants were entitled to an instruction on assault and battery.

Appellants' next complain that the introduction of a large, "lethal-looking" ring found in the coat of Brown at the time of the arrest was for the sole "purpose of inflaming and prejudicing" the jury. The Commonwealth contends its introduction was for the purpose of identification. We think it was admissible for what it was worth for the purpose of identifying Egan, who, according to the evidence of Huddleston, was wearing it earlier in the evening.

Appellants do not point out the evidence they contend was "unlawfully obtained."

The judgment is reversed for a new trial.

All concur.